*606
 
 McCALEB, Justice.
 

 By judgment dated April 23, 1951, appellee obtained a separation from bed and board (on the ground of abandonment) from appellant, his wife, and was awarded the custody and control of the two minor children born of the marriage. In July 1951, appellant sought a modification of this judgment, asking that she be given the custody of the children. Following a hearing, her request was denied, the court finding that the children were being well cared for by appellee. Subsequently, in June of 1952, appellee was granted an absolute divorce.
 

 On January 28, 1954, appellant instituted the present proceeding, in which she again seeks the custody of the children, alleging in substance that she is well able to provide support for them and that their interests would be better served if they were given to her. These allegations were later supplemented by charges that appellee has not kept the children in his custody but has left them in the care and control of others and that these persons, particularly appellee’s mother, have at various times treated them cruelly.
 

 On the showing thus made, appellee was ordered to show cause why the judgment awarding him the care, control and custody of the children should not be modified. But after hearing evidence on the rule, the judge rejected appellant’s demand. Wherefore this appeal.
 

 In seeking a reversal of the judgment, appellant maintains that, as she is the mother, her right to have the children is paramount and also that the evidence warrants the conclusion that the welfare of the children will be enhanced by placing them in her custody.
 

 At the outset, it is well to point out that the many cases
 
 [1]
 
 cited by counsel for appellant in support of the contention that the mother is to be preferred in contests involving the custody of children have no application to the situation presented in the matter at hand. This is not a case wherein the parents of the children are initially contesting the right of one over the other to custody. Here, permanent custody has already been awarded to the father by the judgment of separation conformably with the provisions of Article 157 of the Civil Code. And, while that award is not irrevocable, see Pullen v. Pullen, 161 La. 721, 109 So. 400 and cases there cited, also Higginbotham v. Lofton, 183 La. 489, 164 So. 255, being subject to modification at any time when a change of conditions demands it, it is incumbent upon the party
 
 *608
 
 requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody.
 

 An examination of the evidence has convinced us that the judge was correct in rejecting appellant’s demand. To begin with, appellant’s charge of cruelty is not sustained by proof and her attempt to show that appellee is not a fit custodian for his children has not been established with any degree of certainty. It appears from the record that, since the judgment of separation, appellee has moved his residence several times in the city of New Orleans and the children have thus been required to make a number of changes of school. For quite a while, the little girl (who is now seven years of age) spent her weekends with appellant’s sister and, at times, the boy (now 12 years of age) has been entrusted to the care of appellee’s mother. Most of this occurred during the period of appellee’s marriage to his second wife. However, he has since separated from his wife and he and his children are living with his mother at the present time. Appellee testified that it was .because of his children that he left his wife after nine months of marriage, as he felt that she was not giving them proper treatment.
 

 Viewed as a whole, the most that can be said' of appellant’s evidence is that it shows that appellee has not always been an ideal father. On the other hand, it is fully established that he has amply provided for his children since he obtained their custody in 1951, and has consistently recognized his paternal responsibility.
 

 In addition, it is clear that he has shown infinitely more interest in the children than appellant. She not only abandoned them but, apart from her first attempt to obtain their custody almost three months after the judgment of separation, has never evinced any great desire for them. She was remarried in 1953 to an employee of the Mutuel System of the Fairgrounds Race Track and now proposes that the children live with them in their trailer, in which they make their home, part of the year in New Orleans and part of the year in Detroit.
 

 Aside from our reluctance to upset a judgment of a trial court in divorce matters involving the custody of children, see Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456, we have no hesitancy, under the facts of this case, in approving the conclusion of the court below that the environment and living conditions to which the children would be subjected by a change of custody “would not be conducive to their best interests”.
 

 The judgment is affirmed.
 

 [1]
 

 .
 
 Black v. Black, 205 La. 861, 18 So.2d 321; White v. Broussard, 206 La. 25, 18 So.2d 641; Willis v. Willis, 209 La. 205, 24 So.2d 378; Veillon v. Landreneau, 209 La. 1060, 26 So.2d 139; State ex rel. Morrison v. Morrison, 212 La. 463, 32 So.2d 847; Meyer v. Hackler, 219 La. 750, 54 So.2d 7; Liner v. Liner, 222 La. 789, 64 So.2d 4; Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 and Estopinal v. Estopinal, 223 La. 485, 66 So.2d 311.