PONDER, Justice.
The only question presented in these consolidated appeals is who is entitled to the custody of Charles Wright Fitzgerald who is now 13 years of age.
The plaintiff and defendant were divorced by judgment of court sometime in 1947, at which time the six children, issue of their marriage, ranging at that time from 4 months to 9 years of age, were awarded to the father. The plaintiff and defendant have both remarried and each has issue of their second marriage. Sometime in February, Charles and his brother Richard left the home of the father and went to live with the mother. Thereafter, the custody of these two children was awarded to the mother by the family court. Subsequently, Richard returned to the home of his father, whereupon after hearing by the family court, the custody of Richard was awarded to the father but his request for the custody of Charles was denied.
The father contends that the sole influence of the judge in awarding the custody of Charles to his mother was the fact that the child preferred to live with her. In support of the contention that the child’s preference should not govern, he cites the case of Pierce v. Pierce, 213 La. 475, 35 So.2d 22. He further contends that although an award of custody is subject to modification it is incumbent upon the party requesting the modification to prove that the conditions under which the child is living are detrimental to his interest and that the applicant seeking the modification must show that a good home will be provided and better environment given. Citing Decker v. Landry, 227 La. 603, 80 So.2d 91.
It appears from the evidence that Charles was unhappy in the home of his father. He did not get along with his step-mother and his oldest brother and he quarrelled constantly with the other children. His mother has three children by her second marriage and although the record in the divorce case, which was introduced in evidence, shows that she was unfit at the time that the six children were awarded to the father, there *919 has been no showing made that she is an unfit parent at this time. In fact, the evidence shows that she and her present husband maintain a good and respectable home.
The trial judge is evidently in a better position to determine what is the best interest of the child in a case of this nature. Both homes are respectable homes and there is nothing to show that either parent is unfit.
 We cannot say from the evidence in this case that the controlling factor in the decision of the trial judge was the fact that Charles preferred to live with his mother. He apparently was of the opinion that it was for the best interest of the child as well as that of the other children for him to live with his mother where he would be contented and happy.
 This court is always reluctant to upset a trial court judgment involving custody of children. The interest and welfare of the child is the primary consideration. Sampognaro v. Sampognaro, 215 La. 631, 41 So.2d 456; Decker v. Landry, 227 La. 603, 80 So.2d 91; Kieffer v. Heriard, 221 La. 151, 58 So.2d 836; Hattier v. Martinez, 197 La. 121, 1 So.2d 51.
For the reasons assigned, the judgment of the lower court, awarding the custody of Charles Wright Fitzgerald to his mother, Mrs. Margaret Roe Dauthier, is affirmed at the cost of plaintiff-appellant, James W. Fitzgerald.