146 So.2d 227 (1962)
Kenneth Wayne DOUGLAS, Plaintiff and Defendant in Rule and Appellee,
v.
Martha Louise Lee DOUGLAS, Defendant and Plaintiff in Rule and Appellant.
No. 672.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1962.
*228 Watson & Watson, by Jack C. Watson and Sue Watson, Lake Charles, for defendant-appellant (plaintiff in rule).
Lloyd E. Hennigan, Jr., Lake Charles, for plaintiff-appellee (defendant in rule).
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
*229 CULPEPPER, Judge.
The mother, as plaintiff in rule, seeks to change a prior child custody order granting custody of a nine year old girl to the father. After hearing on the merits, the district judge recalled the rule to show cause and allowed the prior custody order in favor of the father to stand. The mother, plaintiff in rule, appeals.
The principal issue on appeal is whether this case is controlled by the holding in Decker v. Landry, 227 La. 603, 80 So.2d 91 (La.Sup.Ct.1955). There the court held that the usual preference in favor of the mother in custody cases, does not apply where permanent custody has previously been awarded to the father and that the mother requesting a modification has the double burden of proving that the conditions under which the child is living are detrimental to its interest and that she can and will provide a good home and better environment.
As to the facts of the present case, the district judge found, in a well considered written opinion, that the evidence did not show the mother was unfit or unable to care for the child, nor did it show that the conditions under which the child was living, in the custody of the father, were detrimental to its best interest. On the contrary, the trial judge found that both the mother and the father were well qualified and able to care for the child. However, the lower court decided that Decker v. Landry, supra, was controlling; that the mother had failed in her double burden of proof; that therefore the previous custody order in favor of the father could not be changed.
We have reached the conclusion that Decker v. Landry, supra, is not controlling, because the district court of Calcasieu Parish, Louisiana, had no jurisdiction of the father's initial suit there for separation from bed and board on the grounds of abandonment. Consequently, the judgment rendered in those proceedings is void and the incidental custody order in favor of the husband is likewise a nullity. Hence, the present rule for custody is an initial consideration of the issue and the usual preference in favor of the mother in custody cases must be applied.
The facts relevant to the issue of jurisdiction are that Mr. and Mrs. Douglas were married in Arkansas; their last matrimonial domicile was in Greenville, Mississippi, where they lived for five or six years; their separation occurred in Greenville, Mississippi; Mrs. Douglas refused to follow her husband to Calcasieu Parish, Louisiana and has never become a resident of Louisiana; and the parties have never lived together as man and wife in Louisiana. These facts are alleged in Mr. Douglas's petition for separation and proved by the evidence herein.
LSA-C.C.P. Article 10 reads in pertinent part as follows:
"A court which is otherwise competent under the laws of this state has jurisdiction of the following actions or proceedings only under the following conditions:
* * * * * *
"(7) An action of divorce, or of separation from bed and board, if one or both of the spouses are domiciled in this state and, except as otherwise provided by law, the grounds therefor were committed or occurred in this state, or while the matrimonial domicile was in this state."
The official Revision Comments under LSA-C.C.P. Article 10 state that "The exceptions referred to in Art. 10(7) are those sanctioned by Civil Code Art. 142 and R.S. 9:301." LSA-Civil Code, Article 142 establishes an exception in favor of the wife suing for a separation even though the spouses have never established a matrimonial domicile in Louisiana and the grounds for the suit have occurred outside this state, but no such exception is established in favor of the husband. LSA-R.S. 9:301 is concerned with divorce on the grounds of *230 living separate and apart for a period in excess of two years. Neither exception is pertinent to the instant case.
LSA-C.C.P. Article 10(7) makes no change in the law as stated by our Supreme Court in Mann v. Mann, 170 La. 958, 129 So. 543, as follows:
"In concluding this phase of the case, we may say that it must now be regarded as the established jurisprudence that the courts of this state will not entertain jurisdiction of a suit for separation of bed and board or divorce brought by a husband, where the marriage took place in another state or country, where the cause for separation or divorce did not originate in this state and where the wife has never resided with her husband in this state or become a resident of this state, and further that the refusal of a wife to follow her husband to this state cannot be regarded as an abandonment occurring in this state under the maxim or dictum that the domicile of the husband is or becomes the domicile of the wife.
See also Stevens v. Allen, 139 La. 658, 71 So. 936, L.R.A.1916E, 1115, Evans v. Evans, 166 La. 145, 116 So. 831 and the authorities cited therein.
Applying the law as set forth above, to the facts of the instant case, we find that here the plaintiff in the suit for separation from bed and board met the first of the jurisdictional requirements, i. e., he established his domicile in the state of Louisiana, but he has not met either one or the other two requirements, i. e., the abandonment did not occur in this state and the matrimonial domicile was never established in this state. Under the above cited jurisprudence, the rule of law that the domicile of the husband is the domicile of the wife, cannot be construed here to mean that the matrimonial domicile was ever established in Louisiana where the wife refused to follow her husband to this state.
Counsel for Mr. Douglas contends that since the issue of the nullity of the judgment of separation was not raised during the trial of the rule and is an afterthought argued for the first time on appeal, we cannot consider it. Counsel argues that Mrs. Douglas's proper remedy from the judgment of separation was appeal. We cannot agree with this contention. The law is well settled that although as a general rule judgments cannot be attacked collaterally, any party at interest has the right to collaterally impeach a decree of divorce by proving that the court had no jurisdiction. Navarrette v. Laughlin, 209 La. 417, 24 So. 2d 672 and the authorities cited therein.
Furthermore, we do not believe that Mrs. Douglas, by appearing in these proceedings in Louisiana for the purpose of filing this rule, has or could thereby confer jurisdiction on the Louisiana court. LSA-C.C.P. Article 3 states that "The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter * * * is void." See Mann v. Mann, supra, and the authorities cited therein.
The record shows that on October 17, 1961, Mrs. Douglas was granted a final divorce and custody of the child by judgment of the Chancery Court for the County of Washington, State of Mississippi. On that same day Mrs. Douglas filed in the Louisiana court her rule to change the previous custody order issued in Calcasieu Parish on September 21, 1961. In this rule she alleges that the Mississippi divorce decree and the custody order contained therein are entitled to full faith and credit from the courts of Louisiana. Mr. Douglas does not attack the Mississippi divorce decree but he does contend that the Mississippi court had no jurisdiction to award Mrs. Douglas custody of the child because the child was not at that time in Mississippi. We do not find it necessary to decide whether or not the Mississippi court had jurisdiction to *231 award custody to the mother because we have concluded that the Louisiana court certainly had jurisdiction and in this state also the mother is entitled to judgment awarding her custody of the child. Having found that Mr. Douglas's judgment of separation, and the incidental order awarding him custody of the child, are null, void and of no effect, the rule which Mrs. Douglas filed in Calcasieu Parish, after her Mississippi divorce, was an initial consideration by a court of competent jurisdiction on the custody issue. Therefore, the rule of law set forth in Decker v. Landry, supra, does not apply and the mother is entitled to the preference accorded her by the well established jurisprudence. See Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 and the many cases cited therein. In this initial consideration of the custody issue the mother is entitled to judgment unless the evidence shows that she is either unfit or unable to take care of the child. As stated above, the evidence does not show that the mother is either unfit or unable, but on the contrary shows that she can provide a good home for her nine year old girl. Hence, the mother must prevail.
Clearly, the Louisiana court had jurisdiction of Mrs. Douglas's rule for custody. The child was in Louisiana at the time and the defendant in rule, Mr. Douglas, was domiciled in Louisiana.
In her rule, Mrs. Douglas also asked for alimony in the sum of $100 per month for the support of the child. Of course the trial court did not pass on the alimony issue because it left custody with the father. In this court Mrs. Douglas has not argued the question of alimony nor does the evidence show clearly the amount needed. We will therefore not attempt to make such an award. This does not bar Mrs. Douglas from making another such demand for alimony at any time in the future.
As regards visitation rights, we note that the judgment of the district court awarding custody to the father, simply reserved to the mother the right to visit the child "at reasonable times and at reasonable places." We see no reason why similar visitation rights should not be given to the father in our decree awarding custody to the mother.
For the reasons assigned, the judgment appealed is reversed and set aside, and it is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff in rule, Martha Louise Lee Douglas, and against the defendant in rule, Kenneth Wayne Douglas, granting unto the said Martha Louise Lee Douglas the permanent care, custody and control of the minor child, Theresa Kaye Douglas, reserving, however, to Kenneth Wayne Douglas the right to visit said child at reasonable times and at reasonable places. All costs in the lower court, as well as the costs of this appeal are assessed against the defendant in rule, Kenneth Wayne Douglas.
Reversed and rendered.