ELLIS, Judge.
In this rule, Robert Irwin Marchand is seeking the custody of his four minor children, Lorna Lee Marchand, 12, Elise Mar-chand, 9, Robert Irwin Marchand, Jr., 8, and Aaron Perry Marchand, 6. Custody is presently vested in his former wife, Linda Savario Marchand, by judgment dated September 9, 1966. From an adverse judgment, Mr. Marchand has taken this appeal.
Mr. Marchand was divorced from his first wife, the defendant in rule, on September 9, 1966. She has had both legal and physical custody of the children from that time. The instant rule was filed on February 3, 1970, alleging that Mrs. Marchand’s *217 conduct during the eight months immediately preceding the filing of the rule had been such as to render her an unfit mother.
The evidence in the case is largely undisputed. Mrs. Marchand admits to having an affair with one Charles Cheshire, a married man, living separate from his wife. Both of them admit to a number of instances of sexual intercourse during the period in question. They also went out together on dates on a number of occasions, and Mrs. Marchand often took him his lunch at work.
On from three to six occasions, Mrs. Marchand took her four children to Baton Rouge, where they all spent the night in Mr. Cheshire’s apartment. On a like number of occasions, Mr. Cheshire spent the night at Mrs. Marchand’s house in Gonzales, when the children were also there. It is stipulated that the children would testify that on these occasions, they went to bed before their mother and Mr. Cheshire did. Both Mr. Cheshire and the defendant deny that there was ever any improper conduct on their parts on these occasions. They do admit that they may have hugged and kissed each other in the presence of the children a few times.
On one occasion, they took Polaroid snapshots of each other in the nude, and performing certain sex acts. The negatives were found by Mr. Marchand, lying in the wastebasket in Mrs. Marchand’s room, at a time when he was at her home to pick up his children. Both Mr. Cheshire and Mrs. Marchand testified that they were drunk at the time and remembered little or nothing about the pictures.
On one other occasion, Mrs. Marchand and Mr. Cheshire went to Houston with the children and spent one or two nights there. They testified that she went along to help out with the children, and there was no misconduct on their parts during that time.
Other allegations of unfitness or misconduct on Mrs. Marchand’s part were not proven. She testified that she had not involved her children in her affair, and that her sexual intercourse with Mr. Cheshire had taken place on only a few occasions, while away from the children.
The trial judge, in denying the rule, said that he did not think that the children had been injured by their mother’s conduct, and that mover had not carried his burden of proof.
The burden of proof required in a case such as this was established by the Supreme Court in the case of Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955):
“ * * * it is incumbent upon the party requesting the modification to prove that the conditions under which the children are living are detrimental to their interests and further that the applicant can and will provide a good home and better environment if given their custody.”
It is also well settled that the best interest of the children involved is of paramount importance.
Even if her denials of impropriety when with the children are to be believed, we believe it clear that Mrs. Marchand’s conduct, particularly the picture taking episode, is sufficient to demonstrate a complete disregard for accepted moral standards. She expressed no remorse for this misconduct, except as it related to the possible loss of custody of the children. She testified that she was in love with Mr. Cheshire, but that they had never discussed marriage. She described their relationship as giving each other the kind of companionship that each needed.
Considering the age and sex of the children involved, and the conduct and attitude of Mrs. Marchand, we find that the environment provided by her for them does not meet legally acceptable standards. Under these circumstances, we can only conclude that the best interest of the children would be served by removing them from the custody of Mrs. Marchand and granting custody to Mr. Marchand. We find he *218 has carried the burden of proof imposed by Decker v. Landry, supra. In concluding otherwise, the district judge was in manifest error.
The judgment appealed from is reversed, and there will be judgment herein in favor of mover, Robert Irwin Marchand, and against respondent, Linda Savario Mar-chand, granting to him the care, custody and control of Lorna Lee Marchand, Elise Marchand, Robert Irwin Marchand, Jr., and Aaron Perry Marchand. It is further ordered that Linda Savario Marchand be granted reasonable rights of visitation. All costs of this proceeding, in both courts, are to be borne by respondent.
Reversed and rendered.