FRUGÉ, Judge.
This is an appeal by a wife from a judgment in a custody suit denying a change of custody of two children from her husband. The custody of a third child was given to the wife and no appeal was taken from that part of the judgment. We affirm.
Shirley Hebert was granted a judgment of separation from Clarence A. Mestayer, Jr., on April 15, 1969. Shirley Hebert was granted custody of the three children, Kent, age 18; Dianne, age 12; and Mark, age 11. Thereafter, Mr. Mestayer filed a suit against his wife based on adultery and asked for custody of the three children. The suit was scheduled for trial on January 16, 1970. On the advice of counsel, Shirley Hebert gave custody of the three children to Mr. Mestayer, and the suit for divorce was dismissed with prejudice.
Thereafter, Shirley Hebert obtained different counsel and instituted a suit for change of custody by petition. A trial was had before Judge Guidry in Iberia Parish on October 21 and 22, 1970.
Judge Guidry granted a change of custody of Kent to Shirley Hebert and denied a change of custody of Dianne and Mark. A new trial was applied for and denied on the 18th of December, 1970.
Shirley Hebert again instituted another suit for change of custody based on the behavior of Mr. Mestayer towards two of the children during the weeks following the hearings of October 21st and 22nd. That case was heard on January 14, 1971, and resulted in a denial of a change of custody.
The trial court thought, and we concur in his conclusion, that this case does not come within general jurisprudential rule of this state that the mother is preferred for the custody of the children. The facts of this case, strikingly similar to Morris v. Morris, 152 So.2d 299 (La.App. 1st Cir., 1963) relied upon by the trial court, overwhelmingly support his conclusion that the residence of the mother was devoid of a wholesome atmosphere for the rearing of children.
Immediately after the judgment of separation, Mrs. Mestayer openly launched upon a course of persistent and continuous *67 impropriety. She had no qualms about repeating her indiscretion of seeking the companionship of a married man. Even at the time of the trial, she was of the opinion that such conduct was not to be disapproved, since they were both judicially separated.
Appellant admitted that she kissed and hugged Mr. Lejeune and, otherwise, demonstrated affection to him physically in front of the children. The children saw their mother and Mr. Lejeune in these embraces on numerous occasions. Mr. Le-jeune accompanied Mrs. Mestayer and her children on outings, assuming the role of a husband and father. In fact, the children came to know him as “Papa Joe”. Both the homes of the appellant and Mr. Le-jeune were open at all times to the other. Mr. Lejeune was a frequent visitor to the Hebert home on many occasions, and even until late hours of the night. At least on one of these occasions, Mr. Lejeune clandestinely appeared at the Hebert home and gained entrance to the home through the back door by knocking. Plaintiff attempted to extoll her virtuous existence in the months between the change of custody and the hearing in this case, by saying she only saw Mr. Lejeune on a few occasions, and only then in public places, still ignoring the lack of propriety in such conduct. The testimony, however, bears out a conclusion that this decrease in activity was a result of the geographical relocation of Mr. Lejeune to another town, rather than a self-restraint imposed by sound social judgment on the part of the appellant. Such conduct is totally reprehensible, completely inconsistent, and should not be considered as compatible with her purported concern for the care and welfare of her children.
The trial judge was correct in determining that the children should remain with the father. This is not a case where the children are of such tender years that the mother should be given custody, notwithstanding her indiscretions. Nor is this such a situation where the award of custody of all the children should be in one parent. While the judge made an award of custody of the oldest son, Kent, to the mother, this was not done because he found her best qualified, but was done based upon testimony of a psychiatrist whom recommended that the mother have custody, for the child was on the verge of a psychological breakdown. Also, Kent is a seminarian and lives away from home most of the time.
For the foregoing reasons, the judgment appealed from is affirmed. The appellant to pay the costs.
Affirmed.
DOMENGEAUX, J., concurs in the result but is of the opinion that same should be reached by an application of the double burden rule as set out in Decker v. Landry, 227 La. 603, 80 So.2d 91.