LANDRY, Judge.
Defendant (wife) takes this appeal from the judgment of the trial court which dismissed her rule for reversal of the custody granted plaintiff (husband) of three children of the marriage between defendant and plaintiff, and for an increase in alimony awarded appellant in the sum of $375.00 monthly for the support of three children of the marriage who are in appellant’s custody.
Seven children were born of the marriage between the parties at bar, namely, Connie Cenac, Charlotte Cenac, Carey Cenac, Clark C. Cenac, Jr., Christy Cenac, Cindy Cenac and Clinton Cenac. In prior proceedings appellee was awarded custody of Connie, Charlotte, Carey and Clark, Jr., and appellant obtained custody of Christy, Cindy and Clinton. Appellant instituted the present proceeding to obtain custody of Clark, Jr., alimony for herself, and an increase of $200.00 monthly in support payments for the children in her care. Ap-pellee responded by requesting custody of the three children under appellant’s control. Appellant reacted to this development by praying for custody of Carey and Charlotte. The matters were consolidated. After trial, judgment was rendered October 16, 1970, rejecting appellant’s demand for alimony for herself. No appeal was taken from this decree. On December 14, 1970, judgment was rendered dismissing all demands of both parties and maintaining the status quo between the litigants. We affirm.
Appellant asks that she be awarded custody of Carey, Charlotte and Clark, Jr. She also prays for an increase of $200.00 monthly for the support of those children in her custody and an additional amount should she obtain custody of any of the children presently in appellee’s custody.
*553 It is settled law that a party seeking a change in custody of children must establish that the conditions under which the children are living are detrimental to the children’s interests, and that the person seeking custody can provide a good home and better environment for the children if granted their custody. Decker v. Landry, 227 La. 603, 80 So.2d 91.
The conclusions and findings of a trial court, with respect to custody of children, are entitled to great weight and will not be disturbed unless they constitute an abuse of the discretion vested in the trier of fact. Cenac v. Power, La.App., 211 So.2d 408.
Permanent alimony due by a father for support of children of a marriage, whose custody has been awarded to the mother, is determined, in each instance, by the wants and needs of the child or children, and the ability of the father to pay. LSA-C.C. art. 231; Vinet v. Vinet, La.App., 184 So.2d 33.
We recount here only so much of the testimony regarding the reciprocal charges of misconduct leveled by the parties against each other as is necessary to resolution of the issues presented. It is stipulated that appellant has been twice married and divorced since her divorce from appellee. Appellant’s first remarriage was to Rex Denadel in May, 1967, which union was dissolved in May, 1968. In October, 1969, appellant married Joseph Henry Kasner from whom she was divorced in May, 1970. Appellant concedes she is presently keeping company with a married man who has six children. Appellant resides in a comfortable home with the three children whose custody she enjoys.
Mr. Cenac appears to be a man of considerable means, the precise amount of which is not made a matter of record. He has also remarried. He lives in a commodious home with his second wife, her one daughter by a former marriage, his own four children whose custody he enjoys, and a minor son of his present marriage. Concededly, he has abandoned his claim for custody of the three children who were placed in plaintiff’s care.
The record discloses that appellant is an excellent housekeeper and cook. Appellant encourages her children to bring their friends home to visit and often to spend the night. It is shown that appellant welcomes her children’s friends and provides entertainment and food in abundance for those young people who visit in her home. It is understandable that appellant’s home is a popular visiting place for teenagers. It is also shown that appellant rather frequently gives parties for her children and their friends, and that said affairs are always properly supervised. Appellant is quite willing to assume responsibility for the additional children as to whom she seeks custody herein.
Appellant, however, has disciplinary problems with the older girl, Christy, who is sixteen years of age. Christy is given virtually unlimited use of a Cadillac automobile furnished her by plaintiff. Christy has also been involved in two automobile accidents. Without appellant’s knowledge or consent, Christy has frequented a lounge where .intoxicating liquors are sold, and she has also been known to partake of beer on occasion. Since Christy has been living with her mother, her school grades have not been satisfactory, and she has also presented somewhat of a disciplinary problem to school authorities. On three different occasions, Christy was requested by the lounge manager, Larry Dean Arnold, to leave the lounge which she entered contrary to Arnold’s wishes. On approximately six occasions, Arnold had observed Christy loitering outside his establishment. On one occasion, the young lady was arrested by the police at approximately 1:00 A.M. for refusing to leave the lounge and for using obscene language.
Clark, Jr., 14 years of age, resides with his father when not attending boarding school in Covington, Louisiana. He visits *554 his mother occasionally. While visiting his mother’s home, he cached some stolen whiskey, cigars and other assorted goods in the attic of his mother’s home to accommodate his acquaintances. The lad was not involved in the theft of the items involved. Appellant had no knowledge of her son’s participation in the venture until the police called at her home and requested permission to search for the stolen articles. Appellant readily cooperated with the police, and assisted in the search which ultimately revealed the stolen property hidden in the attic behind some boxes.
Clark, Jr. has been somewhat of a disciplinary problem to his father. Mr. Cenac has placed the boy in a private boarding school where he is apparently making satisfactory grades. He did so to remove the boy from contact with those acquaintances who were involved in burglarizing business establishments.
The present Mrs. Cenac is making an excellent mother for the Cenac children living with her and Mr. Cenac. She is quite willing to continue to do so.
Relying on Brewer v. Macaluso, La.App., 221 So.2d 343, and Emery v. Emery, La.App., 223 So.2d 680, appellant seeks custody of the additional children On the ground that modification of a custody award is justified when a change in conditions dictates that modification is in the best interest and welfare of the child. We note that in Brewer, above, the divided custody award of a Mississippi court was modified when it was shown that alternating custody would have adverse emotional effect upon the child concerned. Brewer, above, held, in essence, that the term “changed conditions”, where pertinent in cases of this nature, must be accorded broad and liberal interpretation. We recognize the rule in Brewer, above, but find it factually inapposite to the case at bar.
In Emery, above, a custody decree was amended on the finding that the best interest of a 12 year old girl would be best served by awarding custody to the mother, especially in view of the fact that the child desired to live with her mother. That the child was passing through the delicate transition stage from childhood to young womanhood also considerably influenced the court’s decision in Emery, above. Additionally, in Emery, above, the court found that both parents were genuinely concerned with the best interest of the child and were equally qualified as parents.
Appellant urges that the fact that Carey and Charlotte are 13 and 14 years of age, respectively, and both desire to live with their mother, warrants application of the Emery rule in this instance. We find Emery, above, distinguishable. We find that the degree of supervision and control exercised by defendant over the children living with him is somewhat superior to that exercised by appellant in her home. Moreover, unlike the father involved in Emery, appellee has remarried and his present wife is doing an excellent job of caring for the Cenac children living in her home.
Although the desires of a child in early adolescence are a factor to be considered in awarding custody, such desire is not a controlling factor. It is but one of the attending circumstances comprising the whole background against which the determination must be made. The record in this case does indicate some desire on the part of young Clark to live with his mother. It may well be prompted by the lad’s youthful desire to escape the discipline imposed by the father in order to enjoy what he visualizes as a more relaxed supervision on the part of his mother.
Under the circumstances, we can find no abuse of the discretion vested in the trial court in matters of this nature.
Appellant itemized legitimate expenses in excess of the sum of $375.00 monthly awarded by the trial court for the support of the three children in appellant’s custody. Appellant’s most recent income tax return shows that she has independent *555 gross income in the sum of approximately $15,000.00 for that taxable year. She testified, however, that such income was not necessarily “fixed” or “recurring”. The records of prior proceedings between these parties were introduced in evidence. They show that as of November, 1963, Mr. Cenac had a “take home” income of approximately $1,800.00 monthly. In August, 1967, he enjoyed a monthly “draw” of $4,100.00 from family and personally owned properties. However, the record contains no stipulation as to his income in September, 1970, when these present rules were tried. Nor does the record contain any testimony regarding Mr. Cenac’s present income or financial status. Under the circumstances, we cannot say that the trial court abused the discretion vested in him in awarding alimony in the sum of $375.00 for three children.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by appellant, Mary Agnes Power.
Affirmed.