303 So.2d 299 (1974)
Jean Chitcher GULINO
v.
Richard Edward GULINO.
No. 9868.
Court of Appeal of Louisiana, First Circuit.
October 14, 1974.
*300 Ronald L. Causey, Baton Rouge, for appellant.
John R. Olds (D'Amico & Curet), Baton Rouge, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
LANDRY, Judge.
This appeal by plaintiff, Jean Chitcher Gulino Joseph (Appellant), is from a judgment dismissing Appellant's rule for custody of sixteen year old Marlene Elaine Gulino, one of five children born of the marriage between Appellant and defendant, Edward Gulino. The crucial issue is whether Appellant is required to discharge the double burden imposed upon a parent seeking a change of custody, as held in Decker v. Landry, 227 La. 603, 80 So.2d 91. In effect, the trial court pretermitted consideration of the double burden issue and held that, assuming Appellant did bear that burden, the best interest of the child did not warrant a change in custody. We affirm.
The salient facts are virtually undisputed. Plaintiff and defendant were married in June, 1957. Marlene Elaine Gulino (Marlene), the oldest of the children, was born April 19, 1958. At this present writing, Marlene is sixteen years and four months of age, lacking only one year and eight months of obtaining her majority. See Act 98 of 1972 amending Louisiana Civil Code Article 37. The remaining children of the marriage (all boys) are: Richard, age 14; Michael, age 13; David, age 12, and Vincent, age 10.
In 1970, while the family resided in East Baton Rouge Parish, Appellant sued defendant for a legal separation, alleging habitual intemperance and cruelty on defendant's part. Appellant's petition alleged, among other things, that "the defendant is entitled to have the permanent care and custody of the five (5) minor children." Defendant responded with a reconventional demand for a separation on the ground that Appellant abandoned the matrimonial domicile without cause. On December 11, 1970, Defendant was granted a separation predicated upon Appellant's abandonment; defendant was also awarded custody of the children of the marriage.
In February, 1972, Appellant filed suit for divorce predicated upon the parties having lived separate and apart for two years. Appellant again requested that permanent care and custody of the children be *301 awarded to defendant, in language as follows:
"Defendant herein has the permanent care, custody and control of the five (5) minor children born issue of the marriage and petitioner desires that the care, custody and control of the minor children remain with the defendant subject to reasonable rights of visitation in favor of petitioner."
By judgment rendered May 16, 1972, Appellant was awarded an absolute divorce and defendant was granted permanent custody of the children of the marriage. In May, 1973, Appellant instituted this present proceeding to obtain custody of Marlene.
Appellant concedes the best interest of the four male children of the marriage dictates that their custody remain with defendant. Consequently, Appellant seeks custody of Marlene only.
Since 1972, defendant and the five children have resided together as a family in Slidell, Louisiana. Defendant and the children reside in a four bedroom, two bath home, which is situated on a lot abutting the home of defendant's sister, Mrs. Betty Mussachia, who lives with her grown daughter, Mary Mussachia. Marlene has her own private bedroom and bath. Defendant earns his livelihood as a salesman. Although defendant lives in Slidell, his principal sales area is East Baton Rouge Parish and surrounding areas. Defendant works four or five days weekly, leaving Slidell between six and eight o'clock A.M., and generally returning between four and six P.M. However, defendant occasionally spends the night in the Baton Rouge area and returns home the following evening. Defendant earns between $10,000.00 and $11,000.00 annually. In defendant's absence, defendant's sister and niece supervise defendant's household. On most occasions when defendant remains away overnight, defendant's niece stays with the children. When Miss Mussachia cannot stay with the children overnight, either Mrs. Mussachia or her daughter check on the children the following morning.
Defendant has been most attentive to his children. He has provided amply for their physical needs as well as their education and religious training. The children share household chores. Marlene assists with the cooking and washing. Defendant has been most solicitous of the childrens' recreational activities. The children engage in active sports together, Marlene included. Admittedly, most of the recreational activities are male oriented, consisting of fishing, camping and similar outdoors pursuits.
Appellant's present husband is a railroad employee earning approximately $15,000.00 annually. He works six days weekly from 4:00 P.M. to midnight. Appellant works from 8:00 A.M. to 5:00 P.M., earning a monthly gross salary of $600.00. Appellant and her husband own a nice home in a better residential area of Baton Rouge. If Marlene's custody were awarded to Appellant, Marlene would have a bedroom of her own. Appellant's present husband is willing to accept Marlene into his home and care for the girl.
In essence, Appellant contends that she consented to defendant having initial custody of the children because she was in ill health at the time she initially filed for a judicial separation. She explained that about four months following the initial separation, she underwent serious surgery. Appellant maintains that she has now regained her health and is willing, able and anxious to discharge her duty toward her daughter. Appellant concedes that the children call her and visit her often.
In substance, Marlene expressed a considered desire to live with her mother. She felt that her mother was better able to assist with the female problems Marlene was experiencing as a young girl sixteen years of age. Marlene also stated she did not feel as free to confide in her aunt or cousin Mary as she did in her mother. In addition, Marlene expressed some apprehension about having girl friends visit her in *302 her father's home inasmuch as all other occupants of the home were males. However, she acknowledged that her father was most solicitous of her welfare, that he encouraged her to invite her girl friends to visit and spend the night, and that defendant included her in all family activities.
Relying on Decker v. Landry, 227 La. 603, 80 So.2d 91, defendant argues that plaintiff bears the double burden of establishing that the conditions under which Marlene is presently living are detrimental to her welfare, and that Appellant is able and willing to provide a better home and environment for Marlene in order to obtain the desired change of custody.
Plaintiff argues that the double burden imposed by Decker v. Landry, above is inapplicable because: (1) Custody was granted to defendant with Appellant's consent, and pursuant to a stipulation between the parties that defendant would have custody of the children until such time as Appellant was better able to care for them, and (2) the double burden rule is invoked only when there has been an award of permanent custody pursuant to a final adjudication of the mother's right to custody. Additionally, Appellant invokes the rule that a mother is not to be denied custody of her children unless she has been shown to be morally unfit.
No stipulation such as that alluded to by Appellant appears of record. The judgment awarding defendant custody are unconditional, unrestricted and unlimited. The record is barren of even the slightest proof that Appellant is an unfit mother.
In support of his contention that the "double burden" is applicable herein because he has been granted permanent custody, as distinguished from temporary custody, defendant cites Fulco v. Fulco, 259 La. 1122, 254 So.2d 603; Bergeron v. Bergeron, La.App., 257 So.2d 816; Holmes v. Holmes, La.App., 203 So.2d 897; Pickens v. Pickens, La.App., 186 So.2d 683; Wells v. Wells, La.App., 180 So.2d 580; Pointevent v. Pointevent, La.App., 152 So.2d 256; Gary v. Gary, La.App., 143 So.2d 411; Smith v. Smith, La.App., 141 So.2d 84; Hanks v. Hanks, La.App., 138 So.2d 19; Gentry v. Gentry, La.App., 136 So.2d 418.
In further support of his position, defendant cites Estes v. Estes, 261 La. 20, 258 So.2d 857; Nieto v. Nieto, La.App., 276 So.2d 362; Gustin v. Tregle, La.App., 275 So.2d 825, and Penton v. Penton, La. App., 260 So.2d 5, as authority for the rule that the "double burden" imposed by Decker v. Landry, above, is inapplicable only when temporary custody has previously been granted.
We note that all of the authorities cited by defendant as dealing with the issue of permanent custody, except Bergeron v. Bergeron, above, were decided prior to the recent Supreme Court decisions in Estes v. Estes, above, and Fulco v. Fulco, above. We deem Estes and Fulco, above, particularly pertinent herein. Additionally we note that Bergeron, above, was decided prior to Estes, above, and subsequent to Fulco, above, and that Bergeron is also factually inapposite to the case at bar.
In Fulco, above, the mother was awarded custody incident to a judicial separation. Thereafter the father sought custody upon allegations of the mother's moral unfitness. After reciting the general rules and guidelines governing custodial disposition of children, the Supreme Court made the following pronouncement regarding the "double burden" rule established in Decker v. Landry, 277 La. 603, 80 So.2d 91, above:
"(3) When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed. (Citations omitted.)" (Emphasis by the Court.) *303 The Supreme Court found that the husband had failed to show an environment harmful to the children at the time of trial of the rule for change of custody because of the mother's reformation. On this basis, the requested change of custody was denied.
Estes v. Estes, above, also presented the double burden issue. Therein the mother sought to regain custody of children whom she had temporarily relinquished to her former husband. Although Estes admittedly dealt with the question of the applicability of the double burden rule in cases involving temporary custody, as distinguished from instances involving permanent custody, the Supreme Court reiterated the above cited language from Fulco, above, and stated that the double burden rule applies when it is sought to change a previous "considered determination" of permanent custody.
In Penton v. Penton, above, a mother sought custody of her child previously surrendered to her former husband by a consent decree incident to separation and divorce proceedings. This court declined to impose the double burden rule because no prior "considered determination" had been made as to the abilities of the respective parents to properly care for the child involved. In reversing the decision of the trial court which had held the mother to the double burden standard, we stated:
"No judicial determination was made by the lower court as to the fitness, suitability, or unsuitability of either parent to care for the child in the instant case. In light of this fact and following the ruling of the Supreme Court in Estes v. Estes, as quoted above, this court holds that it was incorrect to rule that the mother, applying for the custody of her young child subsequent to the original custody determination, bears a `double burden' of proof." 260 So.2d 5, 7.
The jurisprudence considered, we hold that "considered determination" of custody is a prerequisite to imposition of the double burden of proof upon one seeking a custody change, irrespective of whether temporary or permanent custody is concerned.
This brings us to the question of what constitutes a considered determination of custody. We think the answer to this question lies in the following language appearing in Estates, 261 La. 20, 258 So.2d 857, above:
"Further, an appellate court must give great weight to the trial court's considered determination of custody. If the trial court decides which parent should best have custody for the children's sake after it has applied correct principles of law, a reviewing court should disturb such custody determination only where there is a clear abuse of the trial court's discretion in the matter, even though reasonable minds might differ as to the children's best interest under the variant circumstances suggested by a particular record."
We interpret the foregoing language as holding that a considered determination of custody means a trial of the issue and decision thereon applying pertinent principles of law to the facts adduced. No such determination was made in this instance. We conclude, therefore, that the double burden rule does not apply herein.
In custody cases the welfare of the child or children concerned is of paramount importance; this issue transcends all rights and preferences of parents and others seeking custody. Fulco v. Fulco, above.
Generally, the mother is preferred in cases involving custody of children, especially children of tender age. The reason for this preference is that by the nature of her relationship, the mother is better able to care for children and attend to their education, rearing and training. Estes v. Estes, above.
*304 Custody is not to be denied a mother unless she is found to be morally unfit or otherwise unsuited to have custody, consequently, a mother who has not been shown to be morally unfit, may be deprived of custody only in exceptional cases where it is shown that the best interest of the child will otherwise be served. Estes v. Estes, above; Fulco v. Fulco, above.
Appellant invokes the rule that the mother is preferred unless shown to be unfit. Appellant further asserts that Marlene's need for maternal counsel and guidance, at this stage of Marlene's development, and Appellant's willingness and ability to fulfill this need, constitute not only a change of circumstances, but also sufficient reason to award custody to Appellant in the best interest of the child. Additionally, Appellant points out that Marlene desires to live with Appellant.
Although the mother is preferred in custody cases where she has not been shown to be unfit, such preference is not absolute. As previously noted, the primary concern of the courts in custody cases is the welfare and best interest of the child or children concerned. On this premise, the courts will deny a mother custody when the circumstances are such that the best interests of the child will be served by so doing.
Pertinent herein is the rule that courts will avoid separation of children unless separation is necessary in the best interest of the child or children concerned. Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840.
Applying all of the relevant principles above stated, we agree with the trial court's conclusion that the best interest of the child concerned will be served by maintaining the status quo. Marlene has lived with her father and brothers for the past three and one-half years. During this period she has developed into a well adjusted young girl. She has the opportunity for female counsel and guidance through her aunt and older cousin who live next door. Moreover, the record shows that Marlene has ready access to her mother via telephone and also through frequent visitation with her mother, which contacts defendant has both encouraged and allowed. In her present environment, Marlene has the advantage of association with her brothers. The record also discloses that Marlene's social life and recreational activities are currently adequate and proper for a person her age. In less than two years from the date this decree becomes effective, Marlene will attain the age of majority, at which time she will make her own decision regarding where and with whom she shall live. Although Marlene has expressed the preference to live with her mother, it is settled that custody disposition is not dependent upon the expressed wishes or desires of the child. Pierce v. Pierce, 213 La. 475, 35 So.2d 22; Lyckburg v. Lyckburg, La.App., 140 So.2d 487.
The judgment of the trial court is affirmed; all costs of these proceedings to be paid by Appellant.
Affirmed.