338 So.2d 1199 (1976)
Leon Joseph FRANKLIN, Plaintiff and Appellee,
v.
Mable O'Nishea FRANKLIN, Defendant and Appellant.
No. 5662.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1976.
*1200 Michael Johnson, Cottonport, for defendant-appellant.
Knoll & Knoll, by Jeanette T. Knoll, Marksville, for plaintiff-appellee.
Before HOOD, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
Defendant, Mable O'Nishea Franklin, appeals from a judgment awarding the permanent custody of her minor child, Leona Marie Franklin, to her former husband, Leon Joseph Franklin. We affirm.
Plaintiff originally sued his spouse for a judicial separation subsequent to an abandonment of him by the latter. Upon learning the whereabouts of his wife Mr. Franklin amended his petition seeking a divorce based upon grounds of adultery and further sought temporary and ultimately permanent custody of their minor child who was then in the physical custody of the wifemother. Defendant accepted service and waived citation in the temporary custody proceedings pending the trial on the merits. Apparently she did not appear at the hearing on the rule for temporary custody and same was awarded to plaintiff.
Thereafter, the mother filed a rule for a change of custody and subsequent thereto a reconventional demand seeking a divorce based upon adultery and also sought permanent custody of the above-mentioned minor child.
Considerable evidence was adduced at the hearing on the wife's rule to change custody, which request was eventually denied by the trial judge. On the merits, the divorce suits and permanent custody matters were submitted on the evidence adduced at the hearing on the rule by the mother to change the custody, and no further testimony was taken relative thereto.
The district judge granted plaintiff-husband a divorce from defendant based upon adultery of the latter and further awarded permanent custody of the minor child to plaintiff. Defendant appeals only the custody portion of the judgment. Plaintiff has answered the appeal seeking damages for frivolous appeal.
The marital domicile of the litigants herein was Bunkie, Louisiana. On or about October 9, 1975, defendant abandoned the *1201 marital domicile, taking her young daughter with her, and moved to Morgan City, Louisiana, where she and the child resided with her sister and brother-in-law at a trailer court. While in Morgan City, defendant engaged in numerous sexual encounters with various individuals. On more than one occasion defendant committed adulterous sexual acts in the presence of the young child. Although Mrs. Franklin denies this fact, the evidence is clearly to the contrary. Furthermore, she frequented the company of a local motorcycle "club" known as the "Fawcees". The leader of the "club", Donald Dettman, alias "Speedy", lived in a house (which defendant also frequented) with a female and two other club members known as "Uncle Dirty" and "Crazy". Defendant admitted having sexual relations with Dettman while in Morgan City, and it is significant that the deposition of the latter was taken at Charity Hospital in New Orleans where he was recuperating from gunshot wounds received in an altercation with a member of another "club".
Considerable evidence was taken concerning the wife's general misconduct while she had custody of the child in Morgan City. We deem it unnecessary to further enumerate the details of said activity and choose to quote from the trial judge's written reasons as follows:
"Her associations and her conduct, since their separation, while she had her child, in South Louisiana, was immoral, boldly indiscrete, and in this court's view, highly unfit as a mother. . . .
. . . .At this time, the child's best interest, will be best served by leaving her in the custody of her father . . ."
There was also some testimony concerning the father's unfitness as a parent, however, the evidence concerning the father was much less damaging than that directed toward the mother. In that regard the trial judge stated:
"While the conduct of the husband has not been `lily white', at the present time, at least, it seems he is trying to provide a decent home and environment for the child now with him."
Suffice it to say that the record amply supports the trial judge's finding concerning the respective fitness of the two parents.
The defendant mother contends that the trial judge erred in failing to give proper consideration to the maternal preference rule. Our courts have declared that the rule is inferior and must yield to the overriding concern in all child custody cases, to-wit: the best interest and welfare of the children. See Nethken v. Nethken, 307 So.2d 563 (La.1975), in which the Supreme Court stated:
"Notwithstanding the wife's paramount right over the husband to the custody of the young children, this right must give way to still another more paramount rightthe best interest of the children themselves."
See also Miller v. Miller, 336 So.2d 542 (La.App. 3rd Cir. 1976); and Meyers v. Meyers, 324 So.2d 562 (La.App. 1st Cir. 1975), writ refused La.1976, 329 So.2d 453.
Since the district judge explicitly held that the interests of the child were best served by leaving her with the father, the maternal preference rule offers no solace to the defendant herein.
Our courts have consistently held that in custody matters the trial judge's determination is entitled to great weight. He is in the best position to evaluate the children's best interest from his overview of the conduct and general character of the parties. Upon appellate review, the trial judge's finding will not be disturbed absent a clear showing of abuse of his broad discretion. See Fulco v. Fulco, 259 La. 1122, 254 So.2d 603; Lemons v. Lemons, 325 So.2d 734 (La.App. 1st Cir. 1976); Bourque v. Leger, 322 So.2d 784 (La.App. 3rd Cir. 1975), writ refused La.1976, 325 So.2d 788.
Viewing the evidence in its entirety in light of the above cited rule, we are of the opinion that the award of custody of the minor child to the father was well within the discretion accorded the trial judge.
*1202 Plaintiff father has answered the appeal seeking damages for frivolous appeal.
Appeals are favored and the imposition of penalties for frivolous appeal will not be granted unless they are clearly due. Damages for frivolous appeal will not lie unless it manifestly appears that the appeal was taken solely for delay or that appealing counsel does not seriously believe in the view of the law which he advocates, even though the appeal lacks serious merit. See Guidry v. Carmouche, 320 So.2d 267 (La. App. 3rd Cir. 1975); Avondale Shipyards, Inc. v. Larose Shipyard, Inc., 289 So.2d 192 (La.App. 1st Cir. 1973); Dupaquier v. City of New Orleans, 271 So.2d 78 (La.App. 4th Cir. 1972). Even a cursory study of the legal issues involved in this litigation indicates that the appeal is not frivolous. Accordingly, plaintiff's claim for damages resultant therefrom is denied.
For the above and foregoing reasons the judgment of the district court is affirmed. Costs of this appeal are assessed against defendant-appellant.
AFFIRMED.