GUIDRY, Judge.
Defendant appeals from a judgment which removed his daughter, Nicole Amant Myers, age 5 years, from his custody and placed the child in custody of her mother, Charlotte Bourque Myers, now Mrs. Donald Roach.
The facts are not disputed. On January 28, 1977 defendant was granted a divorce from plaintiff on grounds of adultery. Although plaintiff filed answer to the petition for divorce she did not appear on the day of trial to defend the action. The judgment of divorce awarded defendant the care and custody of Nicole, then age 3 years.
Shortly following rendition of the divorce decree plaintiff married her paramour, Donald Roach, and they established a home in Estherwood, Louisiana, where they presently reside. The record reflects that Mr. Roach is gainfully employed earning in excess of $3000.00 monthly. The Roaches live alone in a comfortable two bedroom home.
Following his divorce the defendant married Mary Ann Myers and the family, now consisting of three children of Mary Ann by a previous marriage, Nicole, and a child bom of defendant’s second marriage, presently reside in a small two bedroom home in Estherwood. Mr. Myers is gainfully employed and earns approximately $1800.00 monthly.
Plaintiff on June 6, 1978 filed this suit seeking custody of Nicole.[1]
The trial court in brief oral reasons for judgment alluded to no change in circumstances since the original award of custody which might be considered deleterious to the welfare of the child[2] but found after consideration of all of the evidence that “it is in the best interest of the child that the child be returned to the mother”.
Appellant assigns as error the trial court’s grant of a change of custody to the mother in the absence of a showing that circumstances deleterious to the welfare of the child have arisen since the award of initial custody to the father. In effect, able counsel for appellant argues that the trial court judgment is in error because it does not comply with the “double burden” rule applicable in cases involving change of custody. Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955). In response appellee argues that the initial award of custody to the father is not a “considered decree” within the intendment of the “double burden” standard in that she did not appear at the initial hearing to contest the award of custody and, in any event, our Supreme Court in Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) discarded the “double burden” standard.
In Fulco v. Fulco, supra, our Supreme Court set forth clear and understandable guidelines which are to be followed in custody matters, whether the matter involves the initial award of custody or an application to change custody. Fulco was decided some sixteen years after Decker. Therefore, to the extent the rule announced in *174 Decker may conflict with the rules or guidelines set forth in Fulco, the former has been superceded. As stated in Fulco the following principles are to be considered in determining an award of custody (extensive citation of authorities omitted):
“The paramount consideration in determining to whom custody should be granted is always the welfare of the children. * * *

The general rule is that it is in the best interest of the children of the marriage to grant custody to the mother, especially when they are of tender years. Such paramount right of the mother to custody should not be denied unless she is morally unfit or otherwise unsuitable, and it is only in exceptional cases that the better interest of the children is served by changing their custody from the mother to the father. * * *

When the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed.

Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. He is in a better position to evaluate the best interests of the children from his total overview of the conduct and character of the parties and the children and of community standards. His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof. * * * ”
As observed by this court in Bushnell v. Bushnell, 348 So.2d 1315 (La.App. 3rd Cir. 1977) the principles above set forth are not to be applied rigidly or inflexibly rather they should be considered in pari materia to the end that the court will seek, above all else, a custody award which will assure the best interest and welfare of the child.
We have considered the record in light of the above and find it unnecessary to categorically decide whether the initial award of custody in this case was a “considered decree”, for even if it be considered such, our review discloses no manifest or clear error in the trial court’s transfer of custody to the mother. Considering the sex and age of the child; the fact that the plaintiff mother is now living a decent and moral life and can provide her young daughter with a good comfortable home; the fact that, although defendant has had the custody of his daughter for a year and a half, the mother through the exercise of her visitation privileges has maintained a close, loving and warm relationship with her child; and, the fact that there is not even the slightest suggestion in the record that the child will be adversely affected either physically or emotionally by a change in custody, prompts us to conclude, as did the trial judge, that it is in the best interest of the child that her custody be transferred to her mother.
Although it has not been established that if custody were continued in defendant this would be detrimental to the welfare of the child, we feel that it has been shown that, considering the factors above set forth, the child’s interest and welfare will be better served if she is placed in her mother’s custody-
We concede that in the instant case a rigid and inflexible application of the third principle enunciated in Fulco might dictate a different result. However, as heretofore stated we do not consider that such principles should be considered singularly or rigidly and inflexibly applied. As this court stated in Bushnell v. Bushnell, supra:

“. . . the return of Niki to the custody of her mother meets three of the principles established by Fulco. The third principle, involving the heavy burden, must bow to the others. In matters so difficult of determination as child custody, rigid and inflexible rules can serve only to defeat the ends of justice and do not serve the welfare of children.”

*175 Appellant’s remaining assignment of error concerns the action of the trial court in assessing him with all court costs. Although the trial court is vested with great discretion in the assessment of costs we consider that under the particular circumstances of this case equity demands that the costs incurred both at the trial level and on appeal be assessed equally to the parties’ litigant. LSA-C.C.P. Article 2164.
For the above and foregoing reasons the judgment of the trial court is amended so as to assess all court costs one-half (V2) to plaintiff and one-half (V2) to defendant. Except as amended the judgment appealed from is affirmed with the costs on appeal to be borne one-half (V2) by appellee and one-half (V2) by appellant.
AMENDED AND AFFIRMED.

. Plaintiff filed a similar suit in Acadia Parish on March 2, 1978, however, such suit was dismissed on an exception of venue.

. Although not labeling the circumstance deleterious to the welfare of the child, the trial court did find that, at the time of hearing, defendant’s family of seven, including Nicole, occupied a house consisting of two bedrooms and twelve hundred square feet of space.