339 So.2d 450 (1976)
Edward PARTIN, Jr.
v.
Wendy Rothdram PARTIN.
No. 10891.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
Rehearing Denied November 15, 1976.
Writ Refused January 19, 1977.
*451 Robert M. Day, Baton Rouge, of counsel, for Edward Partin, Jr.
Fred H. Belcher, Jr., Baton Rouge, of counsel, for Wendy Rothdram Partin.
Before LANDRY, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
This is a suit by Edward Partin, Jr., plaintiff, seeking a divorce from his wife, Wendy Rothdram Partin, defendant, after having lived separate and apart for more than one year following a judgment of separation from bed and board. Plaintiff also seeks custody of the minor child, Jason Ian Partin, and the defendant reconvened asking that she be granted the permanent care, custody and control of the minor child.
The Trial Court had previously, by ex parte order, awarded the temporary care, custody and control of the minor to Mr. and Mrs. James Ed White. Following trial on the merits, plaintiff was awarded a divorce as well as the permanent care, custody and control of the minor child, with the temporary physical custody of the minor child to remain with Mr. and Mrs. James Ed White. The defendant has appealed this judgment as it regards the custody of the child.
This couple was married when plaintiff was 17 and the defendant was 16 years of age. Nine months following the marriage, they gave birth to young Jason. While we are not concerned with the facts surrounding the separation and divorce, it was apparently one of incompatibility as defendant *452 testified that at the age of 17 she found herself married to a man who did not love her and so she left. Her testimony was as follows:
"[A]s I say I was emotionally upset. I was receiving little support from Edward. I was scared, very confused. I didn't know exactly which way to turn. I felt I had no one to listen and help with the situation at hand."
Several weeks later she returned and lived with her husband again. She found that the situation hadn't changed, and felt she had to get away again. She heard of a man who wanted someone to share expenses on a trip to California, so she quit her job and with her last wages left with him. She testified that she had no sexual relations with this man, and plaintiff does not accuse her of such. Following this trip she returned to Baton Rouge still emotionally upset. Her husband was suing her for separation and told her he was going to take custody of Jason. She went to live with her aunt and uncle, got a full time job with Kelly Girls paying $512.00 per month.
In February, 1975, the defendant's mother was injured in an accident and she moved in with her to care for her. In September, 1975, following the recuperation of the mother she returned to live with her aunt and uncle.
During these above periods of time, the minor child lived with Mr. and Mrs. White. The Whites came to regard Jason as their own and, although the separation judgment awarded custody to the plaintiff with reasonable visitation privileges to the defendant, the Whites decided the defendant-mother could only see the child two days a month and that she could never keep the child over night. The reason the defendant did not contest custody at the separation trial was because at the time she felt unable emotionally and financially to care for her son.
The defendant contends that the Trial Court erred in (1) awarding custody of the minor to the Whites by ex parte motion: (2) awarding custody to the father when the mother has superior rights; and (3) in requiring defendant to meet the double burden of proof as to custody.
In discussing the specifications of error, we will first determine whether the defendant must bear the "double burden" of proof in attempting to regain custody of her minor child as required by Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955), rehearing denied (1955).
We note that the petition for separation was grounded on habitual intemperance,[1] as well as abandonment of the husband and the minor child. There are no other grounds listed for the separation nor for custody. The petition for the separation and custody of the minor child was not contested by the defendant, and a default judgment was granted. Defendant testified in the instant proceedings that the reason she did not contest custody in the separation proceeding was that she was not financially or emotionally capable of caring for the minor, and that knowing the Whites were going to be caring for him, she knew he would be in good hands.
In interpreting what the Louisiana Supreme Court meant by the language "considered decree" in establishing the "double burden" rule in Decker v. Landry, supra, this Court said in Gulino v. Gulino, 303 So.2d 299, 303 (La.App. 1st Cir. 1974), "that a considered determination of custody means a trial of the issue and decision thereon applying pertinent principles of law to the facts adduced." We do not find that any such determination was ever made in this case, and thus hold that the "double burden" rule does not apply.
Since we have concluded that the "double burden" rule is not applicable under the facts of this case, we must determine whether the Trial Judge has abused the great discretion that is granted to him in child custody matters.
*453 The welfare of the child is the main issue that the Court is concerned with. This issue is more important than any wishes or wants the parents may have. Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), rehearing denied (1971). As a general rule, and in particular where children of young age are involved, preference is given to the mother in custody cases. This preference is very simply explained, the mother is normally better able to care for the child and look after the education, rearing, and training necessary. Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972), rehearing denied (1972).
No argument is made that the mother is not now morally or emotionally fit to care for the child, or that the house in which she lives is not a proper place to rear a child. In fact, the Trial Judge admitted that it was a fine home.
The Trial Judge has not favored us with written reasons for judgment, however, we must conclude from various statements by the Trial Judge that appear in the record that he could find no fault with the defendant, nor was there anything wrong with the house in which she lived. It thus becomes apparent to this Court that the Trial Judge applied the "double burden" rule to the defendant. We have already ruled that the "double burden" rule does not apply in this situation, and thus, under the established jurisprudential rules, we can see no reason why the defendant-mother should not be granted the permanent care, custody and control of the minor child with reasonable visitation privileges granted to the father.
In consideration of our above opinion, there is no need to discuss the specification of error as to the ex parte granting of custody to the Whites.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is reversed, and IT IS ORDERED, ADJUDGED AND DECREED that the defendant-appellant, Wendy Rothdram Partin, be and she is hereby granted the permanent care, custody and control of the minor, Jason Ian Partin, and IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this matter be and it is hereby remanded to the Trial Court for the purpose of fixing specific visitation privileges on behalf of plaintiff-appellee Edward Partin, Jr. All costs of the appeal are to be paid by plaintiff-appellee.
REVERSED, RENDERED AND REMANDED.
NOTES
[1] Though the petition for separation had as one of its allegations "habitual intemperance", the plaintiff in the instant proceeding testified that he had never accused his wife of drinking, nor had he ever seen her drink.