ELLIS, Judge.
On January 3, 1975, Clyde Bennett Sawyer was granted an absolute divorce from his wife, Wilma Nell Sawyer, and was awarded custody of their three minor children, Alan, 11, Brian, 9, and Karen, 6. The following stipulation was entered into by the parties prior thereto:
“IT IS STIPULATED BY AND BETWEEN the parties herein that custody of the minor children shall be granted unto the plaintiff, Clyde Bennett Sawyer, with visitation rights granted unto Wilma Nell Sawyer as follows, three (3) weeks during the summer months, every alternate week-end, and every alternate holiday. The dates and time for beginning to be regulated by the parties.
“It is further stipulated that the change of custody herein shall in no way reflect on either party hereto but only on the welfare and happiness of the children, all parties reserving all rights for further changes of custody according to law.”
On May 4, 1976, Mrs. Sawyer, now Mrs. McGregor, brought a rule to obtain custody of the children.. After trial on the merits, judgment was rendered, maintaining the custody of the children with Mr. Sawyer, and Mrs. McGregor has appealed.
The evidence, which is not disputed, shows that Mr. Sawyer was awarded his divorce on the ground of adultery. Immediately after the divorce, Mrs. Sawyer moved in with her paramour, and lived with him until he obtained a divorce from his wife. They were then married, and remain so.
Mr. and Mrs. McGregor reside in a 14 foot by 70 foot three bedroom trailer, situated on two acres of land. Mrs. McGregor has given up her job so that she can give full time to caring for the children, if she should obtain custody.
Mr. Sawyer has also remarried, and his wife has been caring for the children. They reside in a three bedroom house. The children attend school and church on a regular basis. They have been in the custody of their father since the January 3,1975, judgment was handed down.
The only reason advanced by Mr. Sawyer and his witnesses for not giving custody to Mrs. McGregor is the behavior which resulted in a judgment of divorce being rendered against her, and her conduct just after the divorce in living with Mr. McGregor out of wedlock. Neither party testified that the other was not capable of caring for the children.
The trial judge, without assigning reasons, maintained custody in Mr. Sawyer. Mrs. McGregor alleges that he erred in applying the so-called “double burden” rule to her, and in failing to apply the “maternal preference” rule.
There is nothing in the record to indicate what factors were considered by the trial judge in making his decision. However, application of the double burden to Mrs. McGregor would be improper, because there has heretofore been no considered decree of custody. We shall, there *747 fore, assume that the trial judge followed the law applicable to initial custody determinations. See Partin v. Partin, 339 So.2d 450 (La.App. 1st Cir. 1976); Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955).
In making an initial determination of custody, the following principles, quoted in Nethken v. Nethken, 307 So.2d 563 (La. 1975) are applicable:
“Universal and fundamental principles of the law support the proposition that the paramount consideration in custody cases is always the welfare of the child.
“In keeping with the law’s aim to promote the child’s welfare, the decisions have recognized that the child’s best interest is served when custody is awarded to the mother, especially when the child is of tender years. Based upon this premise, the mother’s right to custody is paramount. Thus custody should not be denied the mother unless she is morally unfit or otherwise unstable, and then only when the immorality or instability is such that these characteristics and her conduct adversely affect the child. It is only in exceptional cases that the child’s best interest is served by changing custody from the mother to the father.
“When the trial judge has made a considered adjudication of permanent custody based upon these principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of clearly proving that the continuation of the existing custody so adversely affects the child that the child’s removal is justified. “Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight, and his findings will not be disturbed in the absence of a clear showing of error.”
In order to arrive at the result below, the trial judge must have concluded that Mrs. McGregor’s conduct rendered her morally unfit to have the custody of the children. There is evidence in the record from which the judge, who heard and observed Mrs. McGregor on the witness stand, could reasonably have reached this result. We are impressed by the fact that Mrs. McGregor voluntarily surrendered the children at the time of divorce, and that the children had remained in the custody of their father for almost two years by the time of trial herein. We find no manifest error in the result reached below.
The judgment appealed from is therefore affirmed, at appellant’s cost.
AFFIRMED.