LEMMON, Judge.
Mrs. Cloedale Bass Abreo has appealed from a judgment awarding her former husband the custody of their three minor children.
Mrs. Abreo originally sued for separation from bed and board based on abandonment. On November 12, 1969 she obtained a judgment by default, which also awarded her the custody of the children and alimony and child support at the rate of $30.00 per week. At that time the two sons were eleven and nine years old and the daughter was three years old.
Since Mrs. Abreo was working and had no relatives in the area, the parties agreed shortly thereafter that the boys would live with Mr. Abreo’s brother and the young daughter would live with his parents. Mr. Abreo subsequently made the weekly support payments to his brother.
Under this arrangement Mrs. Abreo leased the family home that she had received in the community property settlement and moved into an apartment near Mr. Abreo’s brother’s home. The children then visited her each evening after school and spent many weekends with her there.
However, disagreements eventually developed between Mrs. Abreo and her in-laws. She moved back into the family home and enrolled one of her sons in a school near there. Mr. Abreo immediately removed the boy to his parents’ home, and for the period of approximately one year prior to trial, Mr. Abreo and the three children have lived with his parents.
Mrs. Abreo thereafter made other efforts to obtain the physical custody of the children but was unsuccessful. In the meantime Mr. Abreo had filed a rule to obtain legal custody in accordance with the prevailing condition of his actual physical custody.
In response Mrs. Abreo filed a rule for contempt, alleging that her former husband [1] had taken the custody of the children against her wishes and refused to return them. Both rules were tried on the same date, and the trial judge awarded custody to the father and dismissed the contempt proceedings.
At trial it was stipulated that the paternal grandparents had an adequate home and were morally, physically and financially “competent to look after three children.” However, Mrs. Abreo contends on appeal that since no misconduct or moral, physical or mental unfitness on her part was even alleged, she therefore has a paramount right to the custody of the children.
Nearly every judgment in custody cases contains a statement to the effect that the primary consideration in the determination of the custody award is the welfare of the children. This standard emphasizes the requirement that each custody case must be decided on its own facts and circumstances.
Mrs. Abreo relies on the established guideline that, especially when the children are of tender years, it is generally in the best interest of the children to grant custody to the mother unless she is morally unfit or otherwise unsuitable. This principle was recently restated in Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972), although the dissenting justice pointed out that there is less reason in this day and time for granting this preference.
This preference for the mother is not as much a “paramount right” in that parent as it is a consideration to be included in determining the best welfare of the children. The ultimate determination is based' on many considerations.
*242 The trial judge in this case chose to award custody to the father primarily on the basis that “the welfare of the children would be best served by leaving them in the home where they are now . . . where they’ve been since November of 1969.” This rationale recognizes another well established principle that only in exceptional circumstances should courts change an adequate custody situation and remove children from the environment to which they have become accustomed.
Furthermore, the trial judge did not base his decision on superior financial resources (which can be adjusted by a child support award) or on better babysitting services. He made the determination in this case after hearing all of the evidence and weighing all of the considerations.
It is important in this case to distinguish between the function of the trial court and that of the reviewing court in custody proceedings. The trial court makes a legal determination, based on the evidence adduced at trial, of whether the welfare of the children would be served best by placing them with one or the other party to the proceedings, or, in change of custody cases, whether the welfare of the children would be served best by letting them remain in the environment in which they are living or by allowing the requested change. Once that determination is made by the trial court, the reviewing court should not attempt a second determination of the same question. The appellate court should simply determine whether or not the record clearly shows that the ¡trial judge abused his discretion. The maxim that a reviewing court should not substitute its judgment for that of the trial court is particularly true in custody cases, where the trial judge is generally in a far superior position to make the subtle and sensitive determination of what is in the best interest of the children and to evaluate the evidence which establishes this conclusion.
In the present case, although there is no substantial evidence to show that Mrs. Abreo was in any manner unsuitable to receive custody of the children, we cannot conclude from reviewing the record that the trial judge abused his discretion in awarding custody to the father.
As to the rule for contempt, we agree with the trial judge that both parties disregarded the original custody order and that the evidence fails to establish that Mr. Abreo was guilty of such conduct as would constitute contempt of court.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.

. Mr. Abreo had obtained a divorce under B..S. 9:302, but the judgment was silent as to custody.