281 So.2d 695 (1973)
Cloedale BASS, wife of Edward C. ABREO
v.
Edward C. ABREO.
No. 52968.
Supreme Court of Louisiana.
August 20, 1973.
Harry A. Burglass, Metairie, for plaintiff-appellant.
Harold L. Molaison, Gretna, for defendant-appellee.
SUMMERS, Justice.
Certiorari was granted to review an order of the trial judge changing custody of three minor children from the mother to the father.
Plaintiff, Cloedale Bass Abreo, obtained a judgment by default on November 12, 1969 decreeing a separation from bed and board from her husband, Edward Abreo, *696 the defendant herein. The judgment awarded the wife the permanent custody of the three minor children, two boys aged 11 and 9, and a girl aged 3. The husband was ordered to pay $30 per week as alimony.
Plaintiff had no relatives in the area, and because both she and defendant worked, an arrangement was made soon after the separation decree whereby the boys would live with defendant's brother and his wife, and the little girl would live with defendant's father and mother. It was understood that defendant would make the $30 per week alimony payments to his brother and sister-in-law on behalf of the two boys.
In the settlement of the community, plaintiff received the family dwelling. But this house was several miles from the neighborhood where her children would be cared for, so she rented the house to another, and moved into a small apartment near her children. She was able, under these circumstances, to have the children with her in the afternoons after school and also on weekends. The children visited her often and she kept in close touch with them.
The arrangement, however, was not harmonious. Among other factors of discord plaintiff was not welcome in the house where her children were being cared for. She was compelled to receive them and return them at the front door. This embarrassed her and confused the children. Defendant's attitude toward plaintiff was definitely hostile. There is reason to believe, according to some testimony, that defendant and his family tended to disparage plaintiff in the presence of her children.
Finally the situation culminated in a rule to change custody of the children, filed by defendant in May 1970. The motion represents that the two boys had been in the actual custody of defendant's brother and sister since the separation decree in November 1969, while the girl had been in the actual custody of defendant's mother and father since that time. Further, it was alleged, the apartment plaintiff was occupying was on the second floor level, and not large enough to adequately accommodate the children; and that the girl, the youngest child, fell down the apartment stairway and fractured her arm. Allegations of the motion set forth that these conditions demonstrated that the best interest of the children required a change of custody, with plaintiff being accorded reasonable visitation rights. Finally, the motion set forth, the former family dwelling with three bedrooms was a more suitable accommodation for plaintiff and the three children.
At this time plaintiff decided to return to the former family dwelling. Then, during the pendency of the custody rule, before a hearing, in order to have her youngest son near her, she enrolled him in a school in that neighborhood. But the defendant moved the child back to the school in the neighborhood where his parents lived.
In February 1971 the defendant husband filed for an absolute divorce, which he obtained by default on April 8, 1971. This decree, obtained under the authority of Section 302 of Title 9 of the Revised Statutes, had no effect upon the previous custody and alimony decrees. Several days later, plaintiff filed a motion charging defendant with contempt of court for failing to pay alimony and for refusing to return the children to her.
The custody and contempt motions were consolidated, and, after trial, judgment was rendered on both. The rule for contempt was dismissed, but custody of the three children was changed from plaintiff to defendant. Liberal rights of visitation were granted to plaintiff. On appeal by plaintiff to the Fourth Circuit, the judgment was affirmed. La.App., 267 So.2d 240. We granted certiorari on plaintiff's application. 263 La. 609, 268 So.2d 674.
This Court has often stated the principles which govern the determination of child custody. Most recently, they were reiterated in Estes v. Estes, 261 La. 20, 258 *697 So.2d 857 (1972). We report them with approval here.
Universal and fundamental principles of the law support the proposition that the paramount consideration in custody cases is always the welfare of the child.
In keeping with the law's aim to promote the child's welfare, the decisions have recognized that the child's best interest is served when custody is awarded to the mother, especially when the child is of tender years. Based upon this premise, the mother's right to custody is paramount. Thus custody should not be denied the mother unless she is morally unfit or otherwise unstable, and then only when the immorality or instability is such that these characteristics and her conduct adversely affect the child. It is only in exceptional cases that the child's best interest is served by changing custody from the mother to the father.
When the trial judge has made a considered adjudication of permanent custody based upon these principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of clearly proving that the continuation of the existing custody so adversely affects the child that the child's removal is justified.
Upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight, and his findings will not be disturbed in the absence of a clear showing of error. See also Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), and the cases cited therein.
In this case no evidence reflects adversely upon the good moral character or the ability of either parent to properly maintain, care for and support these children. Each is earning an adequate income and each can provide a comfortable home. Nothing in the reasons announced by the trial judge indicates anything inimical to either.
On the facts recited, and the record before us, we can find no valid basis for changing the custody of these children. Even accepting the allegations of the motion for change of custody to the effect that the apartment where plaintiff resided was not adequate to accommodate the children, and the fact that the girl fell on the stair and fractured her arm, we cannot agree that these facts warrant the trial judge's action. However, the allegation concerning the size of the apartment was moot at the time of the hearing on the motion. By then the mother had moved to the family dwelling, admittedly a commodious and entirely adequate building. As to the girl's fractured arm, we hardly consider this to be the mother's fault, when the proclivity of young children to fall is taken into consideration. In fact, no one charges her with fault. Of course, it is intimated that she should have discovered sooner that the child's arm was fractured, but we are not impressed with this accusation.
The only possible remaining basis for changing the custody of these children is the allegation that they have been cared for by the defendant's relatives since the separation decree. Again, this is not a proper ground for an order changing custody from the mother to the father. Neither parent was able to devote full time to the care of their children. And, because the mother made an effort to work out an arrangement for their care which was also acceptable to the father, we do not agree that she should be deprived of custody when it turned out that the arrangement was not workable. And as we have noted previously, the care of these children was actually divided between the mother and the grandparents, in the case of the girl; and between the mother and the brother-in-law, in the case of the two boys. If any fault can be found in the arrangement the father is equally culpable, for the arrangement arose out of a voluntary agreement for the divided care of the children; the plan therefore was the divided responsibility of plaintiff and defendant.
*698 At no time has this mother relinquished the legal custody awarded to her in October 1969. To the contrary, she has steadfastly maintained contact with the children and manifested a deep and abiding devotion for them. She has given every indication by her actions and by her testimony that she wants custody of these children.
It is not that we find an abuse of discretion on the part of the trial judge. Instead, we feel that he erred in his understanding of the law by not according sufficient importance to the mother's paramount right to the custody of her children.
We agree the rule for contempt against the defendant should be vacated. His actions under the somewhat complex arrangements entered into with plaintiff have not demonstrated a deliberate intention to disobey the court's order.
For the reasons assigned, the judgment changing custody is reversed and set aside. The rule for contempt is vacated.
BARHAM, J., concurs.