PONDER, Judge.
Wanda Finn, defendant-appellant in rule, obtained a judgment of separation against *524 Larry Finn, plaintiff-appellee in rule, on May 26, 1972. The judgment, in accordance with a stipulation by the parties, granted Mrs. Finn custody of the two minor children of the marriage, Roy and Glenda, and $200.00 per month child support and $125.00 per month alimony. Mr. Finn was given visitation rights allowing him to keep the two children the first and third week-ends of each month. On August 9, 1973, Mr. Finn was granted a divorce on the grounds of living separate and apart in excess of one year and sixty days since the date of the judgment of separation.
On September 4, 1974, Mr. Finn filed a rule to obtain custody of the children alleging, among other things, that Mrs. Finn slept with men in the presence of the children; she lived with a man for several months; and she failed to provide proper clothing and medical services to the children.
After numerous evidentiary hearings, evidencing the diligence of the judge below to know all the facts, judgment was rendered granting Mr. Finn custody of the children.[1] Mrs. Finn has timely appealed. We affirm.
The lower court found that Mrs. Finn was party to “a bizarre series of events that began in Baton Rouge and went to Lafayette, Louisiana and Houston, Texas and motels and hotels and Holiday Inn in Houston and back to Beaumont, back to Lafayette, and then her house where [Mrs. Finn and her paramour] lived together in open concubinage and in dereliction of her duty to her children . . . ”. The court also found that Mrs. Finn left the man living with her and the children for “sexual activity with” yet another man.
The lower court also stated that “Credibility and truthfulness in (sic) not one of [Mrs. Finn’s] virtues. She lied . . . repeatedly under oath in this court.”
The lower court also found that Mrs. Finn “exhibited even unfaithfulness to the unfaithful” when she left one of her steady “dates” after an evening out and then parked in a car in front of a nightclub until 4:00 a. m. with still a different “date;” and that she “managed to live on a pretty high scale for a woman whose only income is $325.00 per month.” [2]
Two expert witnesses testified. One interviewed the children on only one occasion. It was his opinion that the children were happy and normal. The other expert, however, conducted extensive psychological testing and evaluation. It was his opinion that the children were in trouble emotionally and were definitely headed toward psychological and sociological disruption. He testified that the children should be removed from the environment surrounding their life with Mrs. Finn and be placed with Mr. Finn.
On the other hand, the judge also recognized that Mr. Finn and his present wife had had morality problems of their own. *525 There is no evidence, however, of any immoral conduct by Mr. Finn in the presence of the children or after marriage to his present wife.
The judge below although recognizing that the most difficult thing the court is asked to do among many difficult ones is to remove children from a mother, determined that the best interests of the children would be furthered by granting Mr. Finn custody.
Citing Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971), defendant-appellant argues that children cannot be taken from their mother for her past actions but only if it is in the best interest of the children. The evidence clearly meets the requirement of proving detrimental living conditions with the mother and better environment with the father. See Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Gulino v. Gulino, 303 So.2d 299 (La.App. 1st Cir. 1974). Furthermore, there is ample evidence in the record to support the trial court’s finding that the mother lived in open concubinage in the presence of the children which also supports the judgment below. See Morris v. Morris, 152 So.2d 291 (La.App.1st Cir. 1963).
Finally, in domestic relations conflicts, especially where the issue of custody is presented, broad discretion is vested in the trial court and the trial court’s determination will not be set aside unless it is shown to be a clear abuse of discretion. Lambert v. Lambert, 286 So.2d 390 (La. App.1st Cir. 1973); Fulco, supra. No abuse has been shown.
For the above and foregoing reasons we affirm the judgment of the trial court; appellant to pay all costs.
AFFIRMED.

. One of her steady “dates” admitted giving her a new color T.V. and refrigerator.

.Defendant-appellant argues that the neighbors and school teachers of the children found them normal well-adjusted children and that the trial court erred in following the expert testimony. We find no error. As the expert testified, the psychological problems of the children were not observable merely from outward appearances, but were instead deep-rooted.