MORIAL, Judge.
Jimmy D. Mowery appeals from a judgment awarding custody of his four year old son Scott to his former wife, Kathleen Mowery Cramer. Mrs. Cramer obtained a change in custody reversing a decree in favor of Jimmy D. Mowery entered in the Court of Common Pleas in Medina County, Ohio on September 26, 1975.
Plaintiff and defendant both filed for divorce in Medina County on May 28, 1974. Jimmy D. Mowery was granted the temporary custody of the child. On July 21, 1974 after a hearing, the Medina court granted temporary custody to the mother and liberal visitation rights to the father. The father was ordered to make temporary alimony and child support payments.
A subsequent hearing was held in Medina on June 20, 1975. At this hearing it was *332 established that Mrs. Mowery had allowed her paramour to stay in her home overnight while the child was in her custody. It was also established that the father was in arrears in his child support payments. The Medina court granted a divorce decree in favor of Mr. Mowery and awarded him the permanent custody of the child. This decree was not formally entered until September 26, 1975.
In July 1975 Mrs. Mowery moved to New Orleans with John Cramer, her paramour and her son. They established a New Orleans residence on July 16,1975. Mr. Cramer supported Mrs. Mowery and the boy. The couple were married on October 11, 1975 in Biloxi, Mississippi. Mrs. Cramer petitioned the court below for a change in custody on October 23, 1975.
Mrs. Cramer testified that she would not be working and that she spends all her time with her son. She stated that her husband got along well with Scott and would continue to support him.
Mr. Mowery testified that he works five or six days a week from seven in the morning until three in the afternoon. He stated that he would spend all his free time with the boy. In his absence his mother would care for the child. He admitted that he had not attempted to communicate with the child or provide him with any support since he had been brought to New Orleans by his mother.
The trial judge found that the mother had made a decided change in her circumstances and in her ability to care for the boy. He noted her remarriage and the fact that she was able to be with her son all the time. The trial court observed that in the past the father had failed to make child support payments.
Defendant argues that the trial court erred in overturning the original custody award and in applying the “double burden” test used in change of custody cases. He also contends that the court erred in admitting evidence of past due child support. Defendant argues that the Medina judge considered that factor and still found that the father should have custody and, therefore, such evidence is irrelevant to this matter.
Plaintiff argues that the findings of the trial court must be given great weight and the decision was correct and made in the best interest of the child.
In Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (1971) the Supreme Court set out the following legal principles to be considered in reviewing a trial court’s decision in a custody matter:
(1) the paramount consideration in determining to whom custody should be granted is always the welfare of the children;
(2) the general rule is that it is in the best interest of the children of the marriage to grant custody to the mother;
(3) when the trial court has made a considered decree of permanent custody in the light of the above principles, even though such custody is subject to modification at any time when a change of condition demands it, the party seeking the change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the children as to justify removing them from the environment to which they are accustomed;
(4) upon appellate review, the determination of the trial judge in child custody matters is entitled to great weight. * * * His discretion on the issue will not be disturbed on review in the absence of a clear showing of abuse thereof.
In Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972) the Supreme Court applied those principles in determining the correctness of a change in custody by a trial court. Relying on Fulco, supra and Estes, supra the court in Hilliard v. Richard, 291 So.2d 875 (La.App. 3 Cir. 1974) granted a change in custody to a mother who previously had been denied custody because of engaging in immoral conduct. The court ruled in favor of the change in custody upon finding that the mother had remarried and established a stable home. The court noted that the father had provided a good home, but felt the children would be disadvantaged because he *333 worked offshore for two weeks out of the month.
Taking the Fulco principles into consideration, we do not find an abuse of discretion on the part of the trial judge. We reach this conclusion without giving any weight to the evidence concerning past due child support.
It is in the best interest of a child of such tender years to be under the care of a mother who can provide him with daily care and attention. The evidence establishes that the mother has cured the wrongs which led the Medina judge to deny her custody. Further, it was also established that the father works five or six days a week. Under the circumstances of this case the mother is better able to provide the child with a more stable family environment.
The judgment of the trial court is affirmed.

AFFIRMED.

REDMANN, J., dissents.