350 So.2d 973 (1977)
Leo Lucien LANGUIRAND, Plaintiff-Appellant,
v.
Ulla Hansen LANGUIRAND, Defendant-Appellee.
No. 13338.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1977.
Rehearing Denied October 31, 1977.
*974 Harvey P. Delaune, Bossier City, for plaintiff-appellant.
Thomas, Prestridge & Burchett by Rogers M. Prestridge, Bossier City, for defendant-appellee.
Before BOLIN, HALL and MARVIN, JJ.
En Banc. Rehearing Denied October 31, 1977.
MARVIN, Judge.
In September, 1974, a considered decree of custody[1] awarded two children to the father who was the successful plaintiff in an adultery divorce case. The mother, who married her paramour in 1974, and afterward reformed her life, sought to change custody in 1977.
The lower court continued custody of the 13-year-old son in the father, changed the custody of an 8-year-old daughter to the mother and ordered the father to pay monthly child support. The father appeals.
Here, the essential issue is the proof necessary for a parent out of custody to succeed in changing custody after a considered decree.
Once permanent custody has been established by a considered decree of custody and has continued for an appreciable length of time, may a lower court change the custody to the other parent without requiring that parent to show to some degree that the environment in which child has been living is detrimental to the child's interest?
The record in the instant case shows that within a month after the 1974 divorce, the mother married her paramour and enjoyed visits with and from her children. The father changed military duty assignments so that he was home about 3:30 p.m. each working day. He purchased a mobile home and there lived and cared for the children for about 14 months before he married and moved into the home of his new wife and her five-year-old daughter.
The lower court correctly summarized the evidence in this fashion:
"[The mother] has made every reasonable effort to prepare herself to be a fit person to have custody of her minor children and . . . has succeeded in earning the respect of the community in which she resides . . .
"The . . . father . . . has likewise remarried . . . The evidence clearly reflects that both the mother and father clearly love their children and that both are in a position to give them a comfortable and a suitable home."
The lower court found ". . . it was in the best interest of the boy that he have the discipline and training offered by his natural father . . ." The lower court noted that the daughter ". . . enjoys the affection of her stepmother and is . . . well cared for, . . . [but] if she resided with her natural mother and stepfather she would be their only charge and the recipient of all their love and affection."
Two expert witnesses (a psychiatrist and psychological therapist) had observed and counseled with the children before and after their parents' divorce. They generally testified that the children had made a good adjustment to the trauma of the divorce and that the children had achieved a close relationship with each other, solidified perhaps *975 by their parents' divorce. These experts concluded that the children should not be required to make another adjustment and that it would be detrimental to the children if they were separated.
Here presented then is a situation where the children have enjoyed and adjusted to a stable environment under one parent for an appreciable time while periodically visiting with their other parent.
The reason behind the policy of continuing custody in one parent rather than changing custody is to avoid unsettling the stable environment of children by repeated rules for change of custody by separated or divorced parents who are inclined to altercations and accusations toward each other. See footnote one, Fulco v. Fulco, 259 La. 1122, 254 So.2d 603, 605 (1971), and 49 T.L.R. 195-197.
The language in which the issue is stated comes from Fulco, supra, in which was cited Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955) and other cases. See and compare Estes v. Estes, 261 La. 20, 258 So.2d 857 (1972), wherein a temporary surrender of children was involved. See also the majority and dissenting opinions in Bushnell v. Bushnell, 348 So.2d 1315 (La.App.3d Cir. 1977).
Fulco listed four general legal principles for custody litigation. We use Fulco's format:
(1) The overriding general consideration is always the welfare of the children. See C.C. Art. 157, as amended, Act 448 of 1977.
(2) In the initial determination of custody, it is usually in the best interest of children of tender years that the mother's custody is preferred over the father's.
(3) In actions to change legal custody after a considered decree, a parent seeking the change is required to show not only a change in circumstances since the considered decree, but that the change in circumstances is of such magnitude that the continuation of custody thereunder would be, to some degree, detrimental to the interests and welfare of the child. Every change in circumstances will not justify unsettling a child's environment. Each case will have to be determined on its own merits. In the absence of the required showing of detriment to the child by continuing custody under a considered decree, a change of custody will be denied.
(4) Upon appellate review, the determination of the trial judge is entitled to great weight.
These principles were recognized in Tiffee v. Tiffee, 254 La. 381, 223 So.2d 840 (1969). There, the lower court changed the custody of a seven-year-old daughter from the mother to the father and continued the custody of a six-year-old daughter in the mother. The Court of Appeal affirmed on the basis that the trial judge concluded it was in the best interests and welfare of the child that custody of the one child be transferred and that the trial judge's decision was entitled to great weight in a "difficult" case.
The Supreme Court reversed, stating:
"Under the rule of Decker v. Landry, supra, the record is insufficient to warrant a change of custody . . . The record fails to establish any conditions detrimental to the welfare of the child." 223 So.2d 843.
The Court also held:
"The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Normally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity . . ."
The Third Circuit is of the opinion that the Supreme Court in Fulco "discarded" the so-called double burden of proof rule and effectively overruled Decker. See Bushnell, supra; Bourque v. Leger, 322 So.2d 784 (La.App.3d Cir. 1975). Contra: Finn v. Finn, 335 So.2d 523 (La.App.1st Cir. 1976); Lagrone v. Lagrone, 311 So.2d 290 (La. App.2d Cir. 1975). Compare Spencer v. Spencer, 261 So.2d 702 (La.App.4th Cir. 1972) and Cramer v. Mowery, 346 So.2d 331 (La.App.4th Cir. 1977).
*976 We do not agree that Fulco discarded the burden of proof rule and effectively overruled Decker. Estes said:
"It is true that stability in environment is an important value, so that a party seeking to change a considered [decree] of the permanent custody of children bears a heavy burden to justify such change as being in [the child's] best interest." 258 So.2d 859-860.
In Abreo v. Abreo, 281 So.2d 695 (La. 1973), the Supreme Court reiterated the Fulco principle:
"When the trial judge has made a considered adjudication of permanent custody based upon these principles, even though such custody is subject to modification at any time when a change of conditions demands it, the party seeking the change bears a heavy burden of clearly proving that the continuation of the existing custody so adversely affects the child that the child's removal is justified." 281 So.2d 697.
The "heavy burden" was again recognized by the Supreme Court in Nethken v. Nethken, 307 So.2d 563 (La.1975) and Monsour v. Monsour, 347 So.2d 203 (La.1977).
In Abreo, the court noted that there was no evidence reflecting on either parent's ability to properly care for the children and that each parent could provide a comfortable home, and then said
"On the facts recited, and the record before us, we find no valid basis for changing the custody of these children [after a considered decree]." 281 So.2d 697.
In the instant case, as in Tiffee, and as in Abreo, the record is devoid of evidence tending to establish that continued custody under the considered decree would be detrimental in any degree to the interests or welfare of the eight-year-old daughter.
The environment of a child in the custody of one parent, after divorce, may never be as ideal as in the proverbial home of marital bliss. But once a considered decree has established custody which provides a reasonably stable and secure environment for the child, that custody should not be changed unless there are good substantial reasons to justify the change. This assumes that the environment is reasonably stable and secure.
What are good and substantial reasons, of course, will vary from case to case, but the parent seeking the change does bear the burden of establishing them. This is the burden, in our opinion, which is imposed by Fulco and its progeny, and which was recognized in Decker. The comparative age and sex of the child and of each parent, the physical and emotional history of the child and of each parent, and the comparative evaluation of the existing and the proposed environment, are factors to be considered, but of particular importance and weight is the factor of the length of time the stable and secure environment has been maintained. This latter factor is the reason for the existence of the rule imposing the burden of proof on the parent seeking the change and that is to avoid whimsically unsettling a child's stable and secure environment. In that sense, we are considering of paramount importance, the best interests and welfare of the child.
At appellee's cost, judgment changing custody is reversed and the demands of plaintiff-appellee are rejected.
Reversed and Rendered.
NOTES
[1] Stevens v. Stevens, 340 So.2d 584 (La.App.1st Cir. 1976).