MARVIN, Judge.
In this contest the father’s petition for a change in child custody was dismissed on the mother’s exception of no cause of action and the mother’s petition to prohibit the father from taking the child to a psychiatrist was dismissed on the court’s exception of no cause of action. CCP 927. Permanent custody had been awarded the mother in a considered decree about five months before when the parties were divorced. Both parties appeal. We reverse and remand.
We are required to construe pleadings to achieve substantial justice under our liberal pleading rules. Where a court can reasonably do so, it should maintain a petition as against the peremptory exception of no cause of action to afford the litigant an opportunity to present his evidence. Haskins v. Clary, 346 So.2d 193 (La.1977). This principle prevails even though the allegations are somewhat incredulous. Crier v. City of New Orleans, 365 So.2d 35 (La.App. 4th Cir. 1978).
In Languirand v. Languirand, 350 So.2d 973 (La.App. 2d Cir. 1977), considering the effect of a considered decree, we held:
“In actions to change legal custody after a considered decree, a parent seeking the change is required to show not only a change in circumstances since the considered decree, but that the change in circumstances is of such magnitude that the continuation of custody thereunder would be, to some degree, detrimental to the interests and welfare of the child. Every change in circumstances will not justify unsettling a child’s environment. Each case will have to be determined on its own merits. In the absence of the required showing of detriment to the child by continuing custody under a considered decree, a change of custody will be denied.” 350 So.2d at 975.
“The environment of a child in the custody of one parent, after divorce, may never be as ideal as in the proverbial home of marital bliss. But once a considered decree has established custody which provides a reasonably stable and secure environment for the child, that custody should not be changed unless there are good substantial reasons to justify the change.” 350 So.2d at 976.
*805 THE FATHER’S CAUSE OF ACTION
The father alleged that “his minor son [in the mother’s legal custody] is being required to be very nice to [the mother’s] boyfriend, whom the minor knows to be the person responsible for the breakup of his home, which creates a stressful situation that is detrimental to the minor. * * * [and] By requiring [the minor] to remain in the custody of his mother, under the circumstances when he has continued to express his desire to live with his father, will create emotional stress that could cause permanent psychic damage.”
The father’s allegations explicitly state that under the circumstances in which the child is now living in the custody of the mother under the considered decree, he is being subjected to emotional stress which could cause permanent psychic damage. While the specific words, “change in circumstances” and “detriment” are not used, the allegations strongly and reasonably imply that these circumstances are detrimental to the child and either have arisen or have increased in frequency after the considered decree awarded permanent custody to the mother. Following Haskins, supra, and Languirand, supra, we shall allow the father the opportunity to show that these are good and substantial reasons justifying a change in custody. See Languirand, at p. 976.
THE MOTHER’S CAUSE OF ACTION
Her allegations relate to the father’s actions in taking the child to a psychiatrist for examination and evaluation without her knowledge or consent. She alleged that this was outrageous and harmful conduct. She prayed that the father “be prohibited in the future from interfering with [her] . . custody . and from taking the minor ... for medical treatment or evaluation without [her] consent . . . except in an emergency.”
We need not weigh the mother’s allegations against the COP articles relating to the requirements for injunctive relief. What the mother is attempting to do is to limit or to restrict what the father may do with the child during visitation periods. The father’s authority over the child during visitation periods may be and should be regulated or restricted if it is shown that the exercise of that authority is harmful to the child. See Larroquette v. Larroquette, 293 So.2d 628 (La.App. 4th Cir. 1974). Again following Haskins, we shall allow the mother the opportunity to show that the father’s conduct in taking the child to a psychiatrist during visitation periods without her consent is harmful to the child, as she has alleged.
Costs here are assessed one-half to each litigant.
The judgments sustaining the exceptions are reversed and the matter is remanded for further proceedings.