MARVIN, Judge.
The divorced father appeals a judgment rejecting his demands for a change of custody of the eight-year-old daughter of the marriage from the mother (now Mrs. Self). We affirm.
These parents were separated in 1979 and were divorced in 1980. Each has remarried. We adopt the findings of the trial court which we here summarize and supplement.
The father essentially contends that the trial court abused its discretion and was clearly wrong in not changing custody because the mother is shown to have lived in an adulterous and tumultuous relationship with one man for several months in 1980, to have had a sexual affair of two or three months duration with a deputy sheriff, and to have lived with her present husband before she married him in January 1982, following which she and her husband were arrested in April 1982 for possession of marijuana with intent to distribute.
The trial court found that while the mother knew that her husband had some quantity of marijuana on the premises, she was not a party to her husband’s acts concerning the distribution and preparation of marijuana for distribution on the premises of their home. Between four and five pounds of marijuana were found in a closet in the home. These events were only “partially” within the knowledge of the mother, according to the trial court’s findings. The trial court also noted that the atmosphere in which the child was living with her mother and step-father was not so flagrant[ly bad] or so long-lasting as to be detrimental to the child.
The father appears to have been more interested in his affairs and avocations (such as hunting) than in the welfare of the *487 daughter and was shown to have neglected the events in her life, such as birthdays and school ceremonies. It may also be deduced that the father offered no complaint about his ex-wife’s lifestyle or concern about his daughter until the marijuana arrest occurred in April 1982.
The father and his present wife admittedly engaged in a sexual affair and conceived a child before their marriage in 1980. The father was shown to have engaged in other acts of adultery or fornication, and to have neglected his support obligations.
The trial court found that the mother, a school teacher, was almost exclusively the' nurturing parent and that the child was well adjusted and cared for. A former undercover narcotics officer, who was a neighbor of the mother, testified that he visited the home regularly and saw nothing that would indicate drug use in the home. From this and other testimony, the trial court concluded that whatever drug activities the step-father engaged in were discreet and were not detrimental to the child. In addition, many witnesses, including the father’s parents, the father and his present wife, testified that the mother was essentially a “good” mother to the child.
We have recognized the difficulty of attempting to reconcile the many reported decisions in child custody cases and have emphasized that each decision must stand upon its own peculiar circumstances and relationships. Tabor v. Tabor, 421 So.2d 1185 (La.App. 2d Cir.1982); Marlatt v. Marlatt, 427 So.2d 1285 (La.App. 2d Cir.1983). See Bagents v. Bagents, 419 So.2d 460 (La.1982). See also our comparison and comments in Stewart v. Stewart, 430 So.2d 189 (La.App. 2d Cir.1983). Stability of the child’s relationships, - where not otherwise shown to be detrimental, of course, is one factor in the best interest determination. CC Art. 157. Bordelon v. Bordelon, 390 So.2d 1325 (La.1980); Languirand v. Languirand, 350 So.2d 973 (La.App. 2d Cir.1977); Coltharp v. Coltharp, 368 So.2d 793 (La.App. 2d Cir.1979), writ ref.
Under the circumstances of this record, we cannot say that the trial court was clearly wrong or manifestly abused its discretion in determining the best interest of the child in this case.
At appellant’s cost, judgment is AFFIRMED.