EDWARDS, Judge.
This action had its genesis in a workmen’s compensation claim. On March 1, 1976, plaintiff filed a petition in Tangipahoa Parish alleging entitlement to workmen’s compensation benefits based upon an injury to her wrist. On February 16,1977, an identical petition was filed in Livingston Parish. Thereafter, supplemental petitions were filed in each suit naming Dr. Charles Strange as defendant. Dr. Strange had treated plaintiff in connection with her injury. The basis of plaintiff’s claim against Dr. Strange was that he refused repeated requests to furnish a narrative medical report to plaintiff, her doctor or her attorney.
Plaintiff’s compensation claim was compromised, leaving only the claim against Dr. Strange. Plaintiff then filed a third suit, the subject of this appeal, against Dr. Strange in Tangipahoa Parish. That suit set out substantially the same allegations made in the previous suits. It also alleged that Dr. Strange had released medical information to plaintiff’s employer and its insurer without her permission and sought damages for invasion of privacy.
Defendant’s peremptory exception of no cause of action was maintained by the trial court and plaintiff has appealed. The trial court adopted as its own the proposed reasons for judgment submitted by defense counsel. Those reasons noted that plaintiff was a workmen’s compensation claimant and that Dr. Strange furnished medical reports to plaintiff’s employer as required by La.R.S. 23:1121 et seq. The reasons stated that there is no duty in the workmen’s compensation statutes for a doctor to furnish medical reports to anyone other than a claimant’s employer. The reasons further noted that plaintiff had a mechanism available, under La.R.S. 23:1125, to obtain the requested information from her employer. They also rejected plaintiff’s invasion of privacy claim, noting that La.R.S. 23:1121 requires an employee to submit to an examination provided by and paid for by the employer. Under this statute, according to the reasons adopted by the district court, an employee who makes a workmen’s compensation claim authorizes the examining physician to release medical information to the employer.
Plaintiff urges a number of assignments of error, some of which overlap. Plaintiff claims that the trial court erred in characterizing the requests for medical reports as being concerned solely with the workmen’s compensation claim. Additionally, she asserts that the trial court erred in holding that her authorization was not required in order for Dr. Strange to release medical information to her employer and its insurer.
We conclude that the trial court erred in maintaining the exception of no cause of action. La.C.C.P. art. 927(4) provides for the peremptory exception of no cause of action. The purpose of that exception is to test whether plaintiff’s allegations entitle him to any remedy whatsoever under law. For purposes of deciding such an exception, all well-pleaded allegations of the petition must be taken as true. Johnston v. Cummins, 388 So.2d 432 (La.App. 2nd Cir.1980); Godwin v. East Baton Rouge *1202 Parish, 372 So.2d 1060 (La.App. 1st Cir.), cert. denied, 373 So.2d 527 (1979). Any doubt as to the sufficiency of the petition must be resolved in favor of plaintiff. God-win v. East Baton Rouge Parish, supra; Geiger v. State, Department of Institutions, 242 So.2d 606 (La.App. 1st Cir.1970).
There is very little about the petition filed by counsel for plaintiff which could correctly be characterized as “well pleaded.” The petition is a hodgepodge of factual assertions, legal conclusions and argument. However, under our liberal pleading rules, we are required to construe pleadings so as to achieve substantial justice. Roberts v. Roberts, 368 So.2d 803 (La.App. 2nd Cir.1979). “Where a court can reasonably do so, it should maintain a petition as against the peremptory exception of no cause of action to afford the litigant an opportunity to present his evidence.” 368 So.2d at 804.
In the case at hand, we conclude that the trial court erred in holding that plaintiffs sole purpose for seeking Dr. Strange’s reports was to support her workmen’s compensation claim. Plaintiff’s petition contained the following allegations:
“3.
“On January 19, 1976, petitioner, and then her physician, a general practitioner, requested that the defendant, Dr. Charles Strange release medical reports to her personal physician Dr. I.I. Rosen.
“4.
“Dr. I.I. Rosen needed these medical reports and information that Dr. Charles B. Strange held in order to properly treat and evaluate petitioner’s injury that formed the basis for the workman’s [sic] compensation suits filed in Tangipahoa and Livingston here and above [sic] referred to.”
The reference in paragraph number four to the “workman’s [sic] compensation suits” makes the allegations susceptible to a number of interpretations. However, in keeping with the principle of liberal interpretation of pleadings, the petition can be construed to allege that Dr. Rosen needed Dr. Strange’s reports in order to properly treat plaintiff’s injury.[1] Plaintiff’s petition also alleged that Dr. Strange’s refusal had caused damage by making plaintiff unable to obtain proper medical treatment. If plaintiff is able to prove these allegations at trial, she would be entitled to recover for any damages which she can prove she sustained.
The district court construed plaintiff’s petition as involving only a claim that Dr. Strange’s refusal to turn over records had inhibited plaintiff’s workmen’s compensation action. It then concluded that the workmen’s compensation statutes did not require Dr. Strange to provide the records and that plaintiff had other means available to obtain them. We conclude that the trial court erred in placing such a narrow construction upon plaintiff’s pleadings. As demonstrated above, they can and should be read to allege damage to plaintiff apart from any impact upon her workmen’s compensation claim. It is well-settled that if a petition states a cause of action on any ground whatsoever, it is not vulnerable to an exception of no cause of action. Louisiana & Arkansas Railway Company v. Goslin, 258 La. 530, 246 So.2d 852 (La.1971); West v. State, State Superintendent of Pub. Ed., 324 So.2d 579 (La.App. 1st Cir.1975). Therefore, defendant’s exception of no cause of action was erroneously maintained.
For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for further proceedings. Costs of this appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.

. Two letters from Dr. Rosen requesting Dr. Strange’s reports were attached to plaintiff’s supplemental and amending petition. In both letters, Dr. Rosen indicated that he required Dr. Strange’s medical reports in order to counsel plaintiff with regard to further medical treatment for her injury.