GUIDRY, Judge.
John Reynolds (plaintiff) and Karen Bac-hert (defendant) were married April 21, 1972, in St. Landry Parish. Thereafter, the couple established their matrimonial domicile in Iberia Parish. Two daughters were born of the marriage: Shawn Theresa on November 12, 1972, and Allison Faith on April 9, 1977. By a judgment dated May 17, 1985, the couple legally separated with Mrs. Reynolds being awarded physical custody of the two children.
John Reynolds filed a petition for divorce on August 8,1986, and also sought custody of the two children. An absolute divorce was granted on March 11, 1987. However, the court took the custody and child support matters under advisement ordering the custody and child support provisions in the prior separation judgment continued in the interim. On June 10, 1987, the trial judge ordered that custody of the younger child, Allison, should remain with her mother, Karen, but granted custody of the older daughter, Shawn, to plaintiff. Child support for Allison was fixed at the sum of $300.00 per month.
On July 10,1987, plaintiff filed a rule for a change of custody of Allison and for reduction in child support payments. He alleged that Allison’s interests would be best served by changing her custody to him so that she could be raised with her sister, Shawn. In the alternative, he alleged that a substantial change in the finances of both *65 parents warranted a reduction in his support payments. After a hearing on August 6, 1987, at which only the plaintiff and defendant testified, the trial judge rejected plaintiffs demands. The court, by its judgment, continued custody of Allison in defendant subject to the following conditions:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Karen Reynolds shall not leave the minor child, Allison, alone in the early hours of the morning until it is time for her to attend school and, further, that Allison will not be permitted to go to her home on Pollard Avenue in New Iberia alone or in the company of other children, but must be accompanied by an adult or other arrangements must be made to have a baby-sitter to attend her.”
Plaintiff appealed urging trial error as follows: (a) failing to change the custody of Allison Reynolds from her mother to her father; (b) not reducing plaintiffs child support obligation; and, (c) not ordering the minor, Allison, to testify at the hearing on the rule.
Once a considered decree of custody is rendered by a trial court, as in the case sub judice, the party seeking a change in custody must bear the heavy burden enunciated by our Supreme Court in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), at 1200:
“... When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. See Bankston v. Bankston, 355 So.2d 58 (La.App. 2d Cir.1978); Languirand v. Languirand, 350 So.2d 973 (La.App. 2d Cir.1977). Cf. Unif. Marriage and Divorce Act, 9A U.L.A. § 409 (1979)....”
Our careful review of the record, in light of the principles enunciated in Bergeron, supra, discloses no error in the trial court’s judgment. In his written reasons for judgment, the learned trial judge correctly disposed of the issues raised on appeal. We agree with his reasons and adopt same as our own.
“On March 11, 1987, a rule was heard in this case concerning the custody of the children, and upon receiving a report from the Insight Program of Lafayette Parish, on June 10, 1987, this Corut transferred the custody of the child Shawn to Mr. Reynolds, and retained the custody of the child Allison with Mrs. Reynolds.
Thirty days later Mr. Reynolds moved this Court to change the custody of Allison in his favor and to reduce the child support payments ...
The evidence at the hearing indicates that there should be no change from the Court’s prior order.
The evidence concerning the income of Mr. Reynolds indicates that he has had a decrease in income, and he has incurred a rather substantial bill for psychological testing of the daughter Shawn. Shawn spent some 42 days at the Insight Program and Mr. Reynolds incurred a whopping debt of over $17,000 for this, of which only $5,000 was paid by the hospitalization insurer that he had. Nevertheless, Mr. Reynolds has taken trips to Jamaica, which indicates that he must have some available money to continue paying child support as previously ordered.
Mr. Reynolds’ main complaint concerning the child Allison is that Mrs. Reynolds frequently leaves this 10-year-old child alone, and, therefore, he feels the child would be better off with him and with her older sister Shawn. Mrs. Reynolds counters that while the child is left alone for short periods of time, there are many relatives and friends in the neighborhood who can take care of her, that the child is a mature 10 years old, and that there is no problem in leaving her by herself for the shorts [sic] periods of time.
Mrs. Reynolds is now working as a Licensed Practical Nurse at Our Lady of Lourdes Hospital in Lafayette, and fre *66 quently works at night. She earns about $6.80 an hour, and has a take-home pay of roughly $900. When she is working at night, she has someone who sleeps with Allison at her house, or Allison sleeps at this other person’s house, or with someone else. However, when Mrs. Reynolds leaves to go to work early in the morning, there is a period of an hour or two when Allison is left alone at home, and although activities are arranged for Allison it appears that she has a free reighn [sic] to move about unattended. This is not a good thing for a 10-year-old, even if Mrs. Reynolds thinks that it is.
On the opposite side of the coin, Mr. Reynolds, since the prior ruling of the Court, has had the custody of Shawn, and there have been some minor problems with her since she has left the Insight Program. One of the notable problems was that when Mr. Reynolds was in Jamaica with a female friend, the police were called to his apartment in Lafayette Parish to handle some kind of a problem, perhaps not involving Shawn but certainly in which Shawn was involved, because she was in the apartment with another boy from Insight and a third person. It appears that if Mr. Reynolds has this loose arrangement with the 14-year-old Shawn that it would probably be the same with the 10-year-old Allison, therefore, there appears to be no valid reason why custody should be changed.
The Court had previously talked to Allison in camera and does not feel that her testimony at the trial would be of any significance.
This Court, therefore, will not disturb the prior orders concerning the child custody and support payments of Allison. However, this Court will require that when Mrs. Reynolds leaves her home that someone must be around in the early hours of the morning, or Allison must be taken to one of the friends or grandmothers in New Iberia until it is time for her to attend school and, further, that Allison will not be permitted to go to her home on Pollard Avenue in New Iberia alone or in the company of other children, but must be accompanied by an adult or other arrangements must be made to have a babysitter to attend to her. It is the Court’s impression that it is a dangerous idea to have Allison become a “latch key” child, especially in the area where she lives, so close to the City Park in New Iberia.”
For these reasons, the judgment of the trial court is affirmed. All costs are assessed to appellant.
AFFIRMED.