DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
10-581

CELESTE SEPULVADO

VERSUS

JOSHUA K. SEPULVADO

**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 61,694
HONORABLE STEPHEN BEASLEY, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

William D. Dyess
P.O. Box 420
Many, LA  71449
Counsel for Plaintiff/Appellant:
    Celeste Sepulvado

Ronald D. Brandon
P.O. Box 216
Many, LA  71449
Counsel for Defendant/Appellee:
    Joshua K. Sepulvado

**PAINTER, Judge**.

Celeste Rivers Sepulvado appeals the trial court's denial of her rule to change custody. Finding no error in the trial court's ruling, we affirm.

## FACTS

The parties were married on June 16, 2006, and had one child, Jailyn, born April 24, 2008. In approximately April 2009, Jailyn was removed from the custody of the parents and placed with Joshua's mother, Geraldette Gentry, for about six months. The parties separated in May 2009. They were awarded joint custody of the child in a juvenile court proceeding. The trial court heard the divorce and custody matters on February 22, 2010. A final judgment of divorce was rendered on March 15, 2010. The court ordered continuation of the joint custody ordered by the juvenile court. Celeste appeals. Although she asserts four assignments of error, her argument is essentially that it would be in Jailyn's best interest that Celeste have sole custody, with visitation to Joshua.

## DISCUSSION

Louisiana Civil Code Article 131 provides that: "In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child."

There is, however, a presumption in favor of joint custody:

> If the parents agree who is to have custody, the court shall award custody in accordance with their agreement unless the best interest of the child requires a different award.

> In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly;

1

however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent.

La.Civ.Code art 132.

Although the juvenile court's custody order is not in the appeal record, counsel for Celeste, in brief, admits that this is an action to change custody and that the appropriate standard of review is found in *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La. 1986), as follows:

> When a trial court has made a considered decree of permanent custody the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. *See Bankston v. Bankston*, 355 So.2d 58 (La.App. 2d Cir.1978); *Languirand v. Languirand*, 350 So.2d 973 (La.App. 2d Cir.1977).

Therefore, in order to prevail in her claim for sole custody, Celeste bears the heavy burden not only of showing by clear and convincing evidence that joint custody is not in Jailyn's best interest but also of proving, again by clear and convincing evidence, that the harm of changing the current custody decree is outweighed by the advantages to Jailyn or that the continuation of joint custody is so harmful as to justify a change in custody.

> The "clear and convincing" evidentiary standard is a heavier burden of proof than the usual civil case "preponderance of the evidence" standard, but is less burdensome than the "beyond a reasonable doubt" standard of a criminal prosecution. ["]To prove a matter by clear and convincing evidence means to demonstrate the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence."

*Renter v. Willis-Knighton Medical Center*, 28,589 (La.App.2d Cir. 8/23/96), 679 So.2d 603 *cited in D.R.S. v. L.E.K.*, 09-1274, p.5 (La.App. 3 Cir. 3/10/10),33 So.3d 428, 432, *writ denied*, 10-794 (La. 4/30/10), 34 So.3d 291.

2

After reviewing the record herein, we find that Celeste's evidence did not rise to this standard. Celeste admitted that both she and Joshua had been involved with drugs. She testified that she had completed outpatient rehabilitation and was in school training to be an LPN. She stated that she leaves Jailyn with her mother while she is at school, but that she and Jailyn live in a mobile home by themselves. She felt that Jailyn, now two years old, was confused by switching custody each week, that a little girl should be with her mother, and that a mother and child have a special bond that makes the mother the better custodial parent. She asserted that Joshua left Jailyn with his mother all the time and, because of working long hours, did not spend much time with the child. She stated that she and Joshua did not have problems with exchanging Jailyn and that Joshua was not a bad parent.

Joshua explained that he had not completed rehabilitation and that his probation officer was aware of this. He testified that he is subject to random drug screening both as a condition of his employment and of his probation. He did not feel that the child was confused by the weekly exchange of custody. He admitted that he was working twelve-hour days at the time of the hearing but stated that this was a temporary situation and that he would revert to a forty-hour week the following May. He stated that he spends time with his child after work and in the mornings before work.

Celeste's mother, Kimberly Bledsoe, testified about some exchange problems on previous holidays and opined that a small child was better off with her mother. She further stated her opinion that Joshua was not responsible and that his mother was raising Jailyn. She felt that he should not have the child because he had not completed his drug rehabilitation program.

Geraldette Gentry testified that the child is happy and that there were few problems with exchange.

We note that much of the conflict in this custody matter seems to originate with the maternal grandparents, especially in light of the maternal grandmother's testimony. We agree with the trial court, which stated in oral reasons for judgment that:

> [T]he law is gender neutral so there's no preference between the mother or the father in the law. And there is a preference regarding shared custody, all things being equal in the law, and that's what this situation is right now. Now, this is what I [gleaned] from the testimony, that Mr. Sepulvado, the way that he's working right now, it's not always going to be that way. And also regarding Ms. Sepulvado, the way that her school is right now is not always going to be that way because I'm assuming, at some point she's going to get out of school and go to work. I know there's been-- the communication could be better so I'm going to-- let me just say this, I'm going to leave it like it is.

After reviewing the record, we find that Celeste did not carry her burden of showing by clear and convincing evidence that it was in Jailyn's best interest that Celeste have sole custody. Accordingly, the trial court correctly awarded custody of the child jointly to the parties.

## CONCLUSION

The judgment of the trial judge is affirmed. Costs of this appeal are to be paid by Appellant, Celeste Rivers Sepulvado.

AFFIRMED.

4