FRED W. JONES, Jr., Judge.
Plaintiff-mother filed a rule in March, 1980 against her former husband to secure a change of custody of their 8 year old daughter. From a judgment rendered on April 23, 1980 dismissing her action, the plaintiff appealed. We affirm.
According to the record, plaintiff and defendant were married on June 21, 1970. One child, whose custody is the subject of this proceeding, was born of the marriage on August 16, 1971. On November 27,1972 defendant was granted a divorce from plaintiff on the ground of adultery and was granted custody of their daughter, who has remained in his custody since that time.
Defendant remarried in March, 1973. One child has been born of that marriage, which appears to be very stable. Defendant has worked for Beaird-Poulan in Shreveport for about five years and his wife has worked at Western Electric in Shreveport for some seven years. Their combined income, including odd jobs performed by defendant, exceeds $2,000 per month. At the time of the trial defendant worked a 3:30 p. m. to midnight shift and his wife worked a 7:00 a. m. to 3:30 p. m. shift. Since their marriage they have lived in a mobile home in a rural area of DeSoto Parish near the residence of defendant’s mother, who babysits with the children during those brief periods when both defendant and his wife are absent from their dwelling.
Testimony that the minor child has thrived in the custody of her father was unrefuted. She presented the appearance of being well-adjusted and in excellent health. The principal of her school, where she is in the third grade, testified that she was part of an accelerated learning group in her class, an indication of academic excellence.
About one month after her divorce from defendant, plaintiff married a second time. Two children were born of this marriage, a boy and a girl. The former was six years of age at the time of the trial and the latter four years of age. Plaintiff and her second husband separated in 1974 and were divorced in 1978.
Plaintiff, at the age of 27, was married a third time, in November 1979, to a 20 year old man. The latter has an unfavorable employment record, having been fired from his last two jobs. At the time of trial he had been working for a new employer for one week. He and plaintiff moved in with her parents soon after their marriage and were still living with them at the time of the trial.
Testimony of the principal of the school attended by plaintiff’s son, and of the child’s teacher, indicates that the youngster is a disruptive force in his class and probably has serious emotional problems. It is commendable that plaintiff is seeking professional help for the child. Be that as it may, it is clear that the conditions existing in plaintiff’s home are less conducive to the well-being of young children than those which obtain in defendant’s home.
Proceedings of this nature are governed by La.C.C. Art. 157 which was amended in 1979 to provide, in pertinent part, as follows:
“In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent.” (Emphasis added)
In Bordelon v. Bordelon, 385 So.2d 794 (La.1980) the Supreme Court granted a writ of certiorari “to determine the appropriate standard of proof applicable to change of custody cases.” In response to the relator’s argument that the lower court had erred in *180 failing to apply the “double burden” rule,[1] the court reasoned that by amending La. Civil Code Art. 157 in 1977[2] the legislature “expressly adopted only one element of the Fulco rationale, thereby indicating an abrogation of the remainder of the rationale to the extent that it prescribed substantive criteria for granting and changing custody.” The court then concluded:
“... Thus, the best interest of the child, and not the possibility of harm, is the sole criterion applicable to change of custody cases.
“As the Third Circuit Court of Appeal correctly indicated, even though there is no longer an inflexible rule with regard to changes of custody, the policy consideration underlying the rule, stability of environment, is still relevant to a determination of the best interest of the child. A court should consider the prior history of a child’s custody when asked to change custody. Generally, it might not be in the best interest of a child to be regularly moved from parent to parent. But this is a single consideration to be weighed with all other factors relevant to a determination of the best interest of the child.”
In Bankston v. Bankston, 355 So.2d 58 (La.App. 2d Cir. 1978) a mother sought the custody of her young child who had been in the actual custody of his father for most of his life and continuously for about two years prior to the trial. Ruling in favor of the father, we held:
“In considering the best interest of the child in this case, the overriding consideration in our judgment is that the child is happy, well adjusted and developing normally in his present close relationship with his father and that a change in custody would undoubtedly upset the stable environment of the child.”
We recognize that in custody cases the best interest of the child is not always served by the strict and inflexible application of jurisprudential rules. However, it appears to be generally accepted that a prime requirement for the child’s healthy development is stability, security and continuity in his immediate environment. Therefore, we believe that it comports with the spirit and intent of the 1979 amendment to Article 157 to accord proper weight to the fact that this child has been in the custody of her father for most of her eight years and has experienced a normal, happy childhood in that home. In addition, we have considered the following specific factors: the age and sex of the child; the interrelationship of the child with her father, her stepmother, her grandmother and others who significantly affect her interests; the child’s wholesome adjustment to her home and school; and the mental and physical health of all individuals involved in the case.
Measured by all of these criteria, we conclude that the best interest of the child is served by rejecting the demands of her mother to change the legal custody from her father. Accordingly, the judgment of the trial judge is affirmed at appellant’s cost.

. See Decker v. Landry, 227 La. 603, 80 So.2d 91 (1955); Fulco v. Fulco, 259 La. 1122, 254 So.2d 603 (La.1971). This rule required that a person seeking change of child custody had to prove that (1) the circumstances under which the child was living were deleterious to its welfare and (2) the applicant for a change of custody could provide a better environment.

. After this amendment, Article 157 in pertinent part provided: “In all cases of separation and divorce, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children.”