CHEHARDY, Judge.
Alice Elizabeth Ohlsen, divorced wife of Randy Andrew Regouffre, appeals from a judgment changing the custody of her 3-year-old daughter Amanda from herself to her former husband.
The Regouffres were divorced on January 4, 1984 and the mother was awarded custody of Amanda, subject to reasonable visitation rights of the father. Four months later, on May 4, Mrs. Regouffre took the child to Mrs. Ralph Fox, the husband’s grandmother, stating she was unable to care for the child because she was sick and needed to be hospitalized, and her parents were both drinking.
Mrs. Fox offered to care for the child, and on June 11, 1984 the father filed a rule to change custody, alleging his former wife was morally unfit to care for the child.[1]
Following trial on the rule, judgment was rendered awarding custody to the father and setting forth specific times of visitation for the mother.
The record reflects the following facts:
The parents were married on May 30, 1981 and separated when the child was 18 months old. On July 29, 1982, by consent judgment Mrs. Regouffre was given custody of the minor and child support in the sum of $225 per month.[2] The judgment of separation awarded to the mother on October 1, 1982 confirmed the earlier consent judgment. The divorce awarded to the husband in 1984 also confirmed the mother’s custody.
It is therefore apparent that from the parents’ separation in 1982 until May 4, *1357 1984, the mother has always had the custody of the child.
The father’s rule for change of custody was based upon allegations that the mother was a drug abuser; that she lived with various men without the benefit of marriage, including one who was accused of committing 31 robberies in the parish; that she is unable to care for the child herself and that the maternal grandmother, who formerly assisted in caring for the child, has a drinking problem.
The issues raised by the appellant are whether or not the appellee has carried his burden of proving that the conditions under which the child was living have changed significantly since the original decree and that they are now detrimental to the child.
The Supreme Court considered the standard of proof in change of custody cases in Bordelon v. Bordelon, 390 So.2d 1325 (La.1980). The Bordelon court reaffirmed the importance of stability of environment in determination of the child’s best interest. It said at p. 1329:
“A court should consider the prior history of the child’s custody when asked to change custody. Generally, it might not be in the best interest of a child to be regularly moved from parent to parent. But this is a single consideration to be weighed with all other factors relevant to a determination of the best interest of the child.”
See also Ashley v. Gasper, 392 So.2d 178 (La.App.2d Cir.1980).
The court also reaffirmed the great weight placed on the trial judge’s determination, which may be overturned only when there is a clear abuse of discretion. LeGrand v. LeGrand, 455 So.2d 705 (La.App. 5th Cir.1984); Cleeton v. Cleeton, 383 So.2d 1231 (La.1980).
In support of her position Mrs. Re-gouffre, her mother Mrs. James Ohlsen, and her step-father Mr. Ohlsen, testified that appellant and the child lived with the Ohlsens while Mrs. Regouffre worked. Mrs. Ohlsen cared for the child during the day and was assisted by her husband in the evening. Also living in the home was the Ohlsen’s son, and a neighbor who had been in and out of mental institutions stayed with the family recently until Mr. Ohlsen asked her to leave. The neighbor had never been responsible for the care of the minor.
The Ohlsens were both social drinkers, but Mrs. Ohlsen was injured in an accident and became very depressed, causing her to become an alcoholic. However, she has not had a drink since Easter 1984 and feels she has conquered her problem. Mr. Ohlsen enjoys drinking in the evening after work, but does not consider his drinking to be a problem.
About April 1984, Mrs. Regouffre became very distressed about the impossible situation in the Ohlsen home — her parents’ drinking, and her brother who forged checks on his father’s business and according to her own description “did nothing but lie and steal”. This caused her to become very distraught and she took a drug overdose. However, she is not a drug abuser and had that problem only once.
Appellant stated she had dated a man who was a suspect in some burglaries, but she never lived with him and is no longer dating him.
In May 1984 appellant moved in with a girl friend and asked her former husband to take care of Amanda, but now she is back at the family home with the child. She is working, and her mother cares for the child. Mrs. Ohlsen is a college graduate and has worked as a teacher and can help Amanda with her school work.
From the testimony of appellee, his mother Gayle Fox Regouffre, and his grandmother Mrs. Ralph Fox, we learn that the child’s mother brought her to Mrs. Fox’s home on May 4, 1984 because she was ill. She was very depressed about her home situation and unable to handle the problems. She left the child with Mrs. Fox and came for her later at which time she asked Randy to take Amanda so she could get her own apartment.
The women were very concerned about Amanda’s safety because the mother had *1358 been dating a man who was a suspect in numerous robberies. They learned about this when Alice Regouffre showed them a newspaper clipping of 4 teen-agers arrested as suspects in 31 burglaries and identified one of the suspects as her boy friend. Amanda also pointed him out. (The clipping is in the record.)
The father has remarried and has a 3-month-old child. His mother is able to care for both children while he and his wife work. His wife gets off from work at 3 p.m. and is able to pick up the children at that time. The grandmother lives only 3 blocks away from the father’s home and is assisted by her mother in caring for the children when necessary.
Considering all of the testimony, the trial judge was convinced the father could provide a more stable environment and, for that reason, granted the motion awarding him custody.
It is clear there has been a change of circumstances since the initial award of custody, and we find no abuse of discretion. The record fully supports the trial court’s belief that a change of custody is in the best interest of the child.
For the reasons assigned the judgment appealed from is affirmed. Costs in this court are to be paid by appellant.
AFFIRMED.

. The mother then filed a rule for past-due support, and to restrict the father's visitation privilege. Support was up-to-date prior to the hearing and is not an issue here.

. She was also awarded alimony pendente lite, which is likewise not pertinent here.